490 P.2d 1

STATE of Arizona, Appellee,

v.

Roger Eugene LERCH, Appellant.

No. 2141.

Supreme Court of Arizona,
In Division.

Nov. 5, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ronald W. Sommer, Tucson, for appellant.

UDALL, Justice:

This is an appeal from judgments of guilt and the sentences imposed thereunder following defendant's pleas of guilty to the following crimes: robbery while armed with a gun, attempted murder, second degree burglary and forgery. A number of other charges were dismissed at the State's request upon the lower court's acceptance of defendant's guilty pleas. Defendant was subsequently sentenced to serve two concurrent terms of not less than 15 nor more than 20 years for armed robbery and attempted murder. On the other two charges, defendant was sentenced to concurrent terms of 8 to 10 years for forgery and 4 to 5 years for second degree burglary, which sentences were to run consecutively to the sentences imposed for armed robbery and attempted murder.

Notice of appeal was timely filed and on appeal defendant argues that his guilty pleas were the products of coercion; questions the procedure to be followed in vacating a guilty plea; and contends that the sentences imposed were unduly harsh, constituting an abuse of the trial court's discretion.

It is defendant's contention that his pleas were entered involuntarily. He claims that he was coerced, in part, into entering the guilty pleas by the doctor who visited him at the jail. He alleges that, upon telling the doctor that he was sick and desired treatment for drug addiction, the doctor informed him that if he wished to receive medical attention he would have to plead guilty and go to the State Penitentiary. Defendant claims the doctor then refused to treat him and ordered the jailer to return him to his cell. He further alleges that the jailer also advised him that the only way he could get treatment was to plead guilty.

In response to defendant's claims of having been coerced into entering his guilty pleas, the State denies the truth of these allegations and asserts that defendant knowingly and voluntarily entered his pleas of guilty. We agree.

It is well-established that a defendant must enter a plea freely and voluntarily with an understanding of the nature and consequences of his plea, State v. Linsner, 105 Ariz. 488, 467 P.2d 238 (1970), and such plea must not be induced by promises or threats for this would deprive it of the character of a voluntary act. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); State v. Willard, 102 Ariz. 271, 428 P.2d 423 (1967).

In determining whether a guilty plea has been coerced, the acknowledgment of the defendant, upon being questioned by the court, that his plea was being voluntarily, knowingly and intelligently entered, is a factor of substantial importance though not necessarily conclusive on the issue of voluntariness. United States ex rel. Nixon v. Follette, 299 F.Supp. 253 (S.D.N.Y.1969); Also, the fact that the defendant was represented by counsel at the time he entered a guilty plea is still another factor "which strongly militates against the conclusion that the plea was involuntary." Reed v. Henderson, 385 F.2d 995 at 997 (6th Cir. 1967).

When the defendant entered his pleas he did not make known to the court any of the contentions he now asserts on appeal. The following excerpts, taken from the record, clearly discount defendant's contention that his pleas were coerced:

"Q. I assume you've talked this over to your full satisfaction with your lawyer about whether or not you should proceed to trial or plead guilty?

A. Yes.

Q. And may I ask you this, Mr. Lerch, do you feel like standing here today —that this is your decision to plead guilty to these matters, or do you feel like somebody has talked you into pleading guilty and you're just going along for the ride?

A. *It's my own decision, sir.*

\* \* \* \* \* \*

Q. Nobody has talked you into it and you feel like it's your decision, is that correct?

A. Yes, sir."

[Emphasis added] (R.T. at 17–18) Subsequently, the court addressed appellant's attorney as follows:

"THE COURT: Mr. Lesser, I assume you've had an opportunity of talking with your client about these charges?

MR. LESSER: Yes.

THE COURT: And about whether or not he should plead guilty to the charges?

MR. LESSER: Yes.

THE COURT: *Do you feel in your own mind from talking to him that this is what Mr. Lerch wants to do,* or do you feel somebody else has talked him into pleading guilty and he's just going along for the ride? ·

MR. LESSER: No, your Honor, *it's definite his own."* [Emphasis added] (R.T. at 31–32.)

In State v. Waltman, 105 Ariz. 520 at 522, 467 P.2d 914 at 916 (1970), faced with an assertion that the accused's guilty plea was involuntarily entered in that he was under the influence of tranquilizers when he pled guilty, this Court stated:

"If we were to permit a withdrawal of a guilty plea several years after imposition of sentence, *solely on the unsupported statement of the defendant,* no plea could withstand a defendant's claim that he was ill, \* \* \*". [Emphasis added]

■ Defendant also claims his pleas were the product of coercion because of the prosecuting attorney's threats to personally see to it that he would receive a stiff sentence. If, in fact, the prosecuting attorney did threaten to prosecute the defendant diligently and to seek his conviction he was only telling the defendant what he was bound by duty to do. The record in this case clearly indicates that defendant's guilty pleas were not the product of coercion but were, rather, a result of plea bargaining. Defendant's wholly unsupported statements of coercion fall far short of establishing a coerced plea.

■ Defendant next questions the proper procedure to be followed by a person wishing to challenge the voluntariness of his plea with matters outside the record. A plea which results from coercion is void, State v. Hogue, 106 Ariz. 532, 479 P.2d 417 (1971); State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (1968); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed. 2d 418 (1969), and a judgment based thereon is void as well. The power of a trial court to vacate a void judgment is governed by Rule 60(c), as amended, Rules of Civil Procedure, 16 A.R.S., and such power remains unless jurisdiction is sooner terminated by perfection of an appeal. State v. Hogue, supra; State v. Lopez, 96 Ariz. 169, 393 P.2d 263 (1964). Rule 60(c) has been held applicable to both civil and

criminal cases. Campbell v. Thurman, 96 Ariz. 212, 393 P.2d 906 (1964).

 When a person seeks to challenge the voluntariness of his plea with matters wholly outside the record, the proper procedure for doing so would be to file a Rule 60(c) motion with the trial court to vacate judgment and sentence. Where the matters of coercion can be gleaned from the record, the accused can either file a Rule 60(c) motion or he can file an appeal. Recently, this Court in State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (decided March 25, 1971), held that it was not necessary for a defendant to first petition the trial court to set aside his guilty plea before an appeal could be entertained. In *Sullivan*, the defendant had challenged his plea of guilty by asserting that the lower "court failed to determine that there was a factual basis for this plea." There, the defendant argued that the record itself clearly failed to reflect that the necessary determination had been made. In *Sullivan*, everything that was necessary to determine the merits of the accused's appeal appeared on the record. There was no reason for requiring the accused to first petition the trial court to set aside the guilty plea. Where, as here, the record does not contain the matters alleged to have voided the plea, it seems only logical that the appellant first proceed in the trial court with a Rule 60(c) motion so that matters outside the record may be submitted to and ruled upon by that court.

 Finally, defendant contends that the sentences, as imposed, were unduly harsh under the circumstances. It is his contention that since he was only 18 years of age at the time of the commission of the crime and since the serious charges involving robbery and attempted murder were committed while he was under the influence of a drug-induced psychosis, the sentences should have been much lighter than those imposed by the court. We cannot agree.

It is well-settled in this jurisdiction that the trial court has wide discretion in passing sentence and if the sentence is within the statutory limits it will be upheld unless there is a clear abuse of discretion. State v. Andrews, 106 Ariz. 372, 476 P.2d 673 (1970); State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970); State v. Horton, 101 Ariz. 229, 418 P.2d 385 (1966); State v. Smith, 103 Ariz. 490, 446 P.2d 4 (1968). It is interesting to note that while defendant was convicted of, and sentenced on, four different crimes, some fourteen other charges were dismissed upon the court's acceptance of his pleas of guilty. We find no abuse of discretion here.

Judgment affirmed.

STRUCKMEYER, C. J., and LOCKWOOD, J., concur.