496 P.2d 859

The STATE of Arizona, Appellee,

v.

Larry C. YEHLING, Appellant.

No. 2338.

Supreme Court of Arizona,
In Banc.
May 11, 1972.

Gary K. Nelson, Atty. Gen., Phoenix by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellant.

STRUCKMEYER, Justice.

Larry C. Yehling, after waiving a jury, was tried and convicted of two felony counts, (1) aggravated assault while armed with a gun, a violation of A.R.S. § 13–245, subsec. C, and (2) kidnapping while armed with a gun, a violation of A.R.S. § 13–491, subsec. D. From concurrent sentences of not less than ten nor more than twelve years, he appeals.

It is to be immediately observed that it is not the function of an appellate court to retry conflicts in evidence. State v. Andrews, 106 Ariz. 372, 377, 476 P.2d 673, 678 (1970). Hence, the facts are condensed in the light most favorable to the State. At the time of the incident out of which the charges in this case arose, defendant and his former wife, Cheryl Yehling, had been divorced for about one year. She had the custody of their two children. On April 25, 1970, she went with a young man to a drive-in movie. On their return to Cheryl's home at about 11:30 p. m., she was met by the defendant who was armed with a rifle. He told her he was going to kill her; and he put a bullet in the gun, cocked it and pointed it in her direction. During the course of the subsequent events of that night, he struck Cheryl on the side of the head with the gun butt and pulled her to her car, which was parked outside. He then pushed her into the car, entered the driver's seat and drove to the mountains.

After parking there for about an hour, he drove her home, stayed at her house for a period of some two hours, and then finally insisted that she drive him home.

There are some indications that defendant was either intoxicated, on alcohol or drugs, or of unsound mind. He testified that while at a bar earlier that evening, he complained of a headache and another patron of the bar took him into an alley and injected something into his arm with a needle, which caused him to "see people in the sky." However, insanity was not pleaded nor relied upon as a defense. It was established before trial that he was capable of understanding the proceedings against him and of assisting his attorney in defending the charges against him.

Two matters are urged as grounds for this appeal. The first is that the evidence is not sufficient to prove beyond a reasonable doubt that the defendant committed the offenses charged. We disagree. All of the ingredients of both offenses are glaringly apparent. The second is that the sentences were excessive and an abuse of the trial judge's discretion. As to this, defendant had previously been convicted of embezzlement, in the federal court for the District of New Mexico, and given probation. This probation was revoked for bad checks. Defendant's record over the past few years is one of continuous social incorrigibility for which there seems to be no remedy other than confinement. We will not supersede the trial judge's discretion upon such a factual situation. See State v. Lerch, 107 Ariz. 529, 532, 490 P.2d 1, 4 (1971) and cases cited therein.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.