503 P.2d 954

The STATE of Arizona, Appellee,

v.

Kinnith Ray NICHOLSON, Appellant.

No. 2317.

Supreme Court of Arizona,
In Banc.
Dec. 5, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Frank E. Dickey, Jr., Phoenix, for appellant.

HOLOHAN, Justice:

Kinnith Ray Nicholson, appellant, entered a plea of guilty in superior court to a charge of robbery, and he was sentenced to serve not less than 15 nor more than 25 years in the state prison. His appeal presents four questions:

1. Was there insufficient evidence to establish probable cause presented at the preliminary hearing?
2. Should the State have been required to disclose the name of its confidential informant?
3. Was the guilty plea obtained by coercion?
4. Was the sentence excessive?

Acting on information received from a confidential informant, the police obtained a warrant to search the residence of appellant Nicholson. Evidence was found connecting Nicholson to three robberies. Complaints were filed charging appellant with robberies and assaults with a deadly weapon. The appellant was held to answer to superior court after preliminary hearings. Counsel filed a Petition for a Writ of Habeas Corpus alleging that there was insufficient evidence presented to establish probable cause for holding appellant to answer to the superior court on the charges. Counsel for the appellant also sought a reduction in bond in the same action. The reduction in bond was granted, but all other relief was denied.

Prior to his trial, the appellant sought to change his plea of not guilty to guilty on one count of robbery in exchange for all other charges against him being dropped. By this time the police had implicated Nicholson in five robberies. The prosecution agreed to dismiss all pending charges and not file the additional charges in return for the plea of guilty to one count of robbery.

The trial judge, before accepting the plea, carefully questioned the appellant in great detail as to the waiver of his rights, the voluntariness of his plea and the factual basis for his plea. In the course of examination by the court the appellant also admitted his responsibility for the other robberies.

Prior to sentencing, a mitigation hearing was held at which the appellant presented evidence that he was under the influence of drugs at the time of the series of rob-

beries. The trial court also had obtained a psychiatric evaluation of the appellant. After consideration of all the matters presented, the court imposed the sentence.

■ Appellant's attack on the quantum of proof presented at the preliminary hearing must be rejected. It is a well settled rule of law that when a defendant voluntarily and knowingly pleads guilty at his trial such action constitutes a waiver of all non-jurisdictional defenses, defects and irregularities in the proceedings. State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967); State v. Lopez, 99 Ariz. 11, 405 P.2d 892 (1965); Benton v. United States, 352 F.2d 59 (9th Cir. 1965).

■■ The second question presented by appellant concerning the identity of the informant is also not an issue in view of the plea of guilty. Perhaps more important is the fact that the trial court never specifically denied the request. The trial court advised counsel for appellant that the matter would be gone into at the trial and counsel would be able to develop the matter:

"THE COURT: I don't think there's any doubt if when a confidential, undercover informant or agent, working for, with or in behalf of the police, places himself in a position of being a material witness to the crime in which he is aiding, the defendant's entitled to know who he is and use him as a witness, if he can give testimony regarding the facts of the crime.

"And you are going to have an opportunity—and we will make inquiry step by step to determine whether or not there is any basis at all to believe that he might have personal knowledge of these crimes other than what we know he knew after the commission. We will find out if his information was acquired prior to or after the crimes and whether he was present when the crime was committed or not—that type of thing. . . ."

Appellant had never made a sufficient showing for pretrial discovery of the name of the informant to satisfy the requirements of State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 441 (1968). Prior to the trial date counsel for appellant had filed what he styled a "Combined Motion" which asked for a bill of particulars and discovery and examination of a host of material. Among the items demanded was the following:

"B. The names, addresses and telephone numbers of any persons the State knows to possess relevant information to the charges in the complaint and information, including, but not limited to, any informants or confidential sources."

No showing was made beyond this demand. The State offered to produce a number of the items requested by the motion, but the State declined to furnish the name of its confidential informant. With such lack of showing of necessity, the State was not required to disclose the identity of the informant. State ex rel. Corbin v. Superior Court, *supra.*

■ We believe that the trial court's statement to counsel, quoted above, clearly showed that the court was prepared to require disclosure if a proper showing could be made. Appellant's action in pleading guilty disposed of the matter. His conviction was based on his plea of guilty, and the question of the legal sufficiency of the evidence against him or the legality of its acquisition are immaterial and not subject to review on appeal. State v. Martinez, *supra.*

■ The appellant next urges that there was an "underlying current of coercion" which prevented the plea of guilty from being free and voluntary, since, as counsel describes it, the appellant was threatened with being "buried under excessive charges and bonds."

The "excessive charges" complained of were promises by the prosecutor to prosecute diligently all crimes with which the defendant had been connected. Webster's Third New International Dictionary defines excessive as "exceeding the usual, proper, or normal." Where there was evidence of defendant's involvement in all

five robberies and the defendant in open court admitted responsibility for them, we can hardly say that the prosecution of the charges would be "excessive."

In State v. Lerch, 107 Ariz. 529, 490 P. 2d 1 (1971), the Court noted that the appellant claimed that "his pleas were the product of coercion because of the prosecuting attorney's threats to personally see to it that he would receive a stiff sentence." 107 Ariz. at 531, 490 P.2d at 3. The Court pointed out the following:

> "If, in fact, the prosecuting attorney did threaten to prosecute the defendant diligently and to seek his conviction he was only telling the defendant what he was bound by duty to do. The record in this case clearly indicates that defendant's guilty pleas were not the product of coercion but were, rather, a result of plea bargaining. Defendant's wholly unsupported statements of coercion fall far short of establishing a coerced plea." 107 Ariz. at 531, 490 P.2d at 3.

We find that this language applies well to the present case, for the Deputy County Attorney was merely fulfilling his obligation under law in promising to prosecute on all five charges if the defendant did not enter a guilty plea to one count.

It should also be noted that the appellant himself initiated the negotiations, and the bargain accepted by the State was one suggested by the appellant. The consequences of that plea were carefully discussed with the appellant in open court by the trial judge. We find nothing in the record which would indicate anything other than a voluntary and knowing plea.

▉ Finally, the appellant asserts that the sentence of 15 to 25 years in prison was excessive in view of the evidence presented at the mitigation hearing and the facts of the case.

The penalty for robbery is imprisonment in the state prison for not less than 5 years, A.R.S. § 13–643. The trial court could have sentenced appellant to any number of years not less than 5 and up to a maximum of life imprisonment.

We have often held that, if a penalty upon conviction of a crime is within the limits of the statute, we will not overturn the sentence unless the sentence imposed is so excessive as to result in an abuse of discretion. State v. Vineyard, 96 Ariz. 76, 392 P.2d 30 (1964); State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386 (1966); State v. Andrews, 106 Ariz. 372, 476 P.2d 673 (1970); State v. Lerch, supra.

The appellant was shown to have had a juvenile record which included commitment to California authorities; he was a member of a motorcycle gang well known to police authorities for their lawless activities; he was a drug user; and he was by his own admission the perpetrator of five robberies, each accomplished by the use of a gun. These factors amply support the sentence imposed, and we hold that there was no abuse of discretion by the trial judge.

The judgment and sentence of appellant are affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.