504 P.2d 492

**The STATE of Arizona, Appellee,**

v.

**Jack CUZICK, Appellant.**

**No. 2443.**

Supreme Court of Arizona,
In Banc.

Dec. 27, 1972.

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Chas. W. Stokes, Casa Grande, for appellant.

HAYS, Chief Justice.

Defendant, Jack Cuzick, appeals from his conviction and a seven to nine-year sentence received when he pleaded guilty to first-degree burglary. The main issue which he raises is whether the trial judge abused his discretion by not giving defendant probation or a shorter term in prison.

Defendant is a chronic burglar. The record shows that before the trial his attorney asked that he be examined and evaluated at the Arizona State Hospital. The following is contained in Dr. Duisberg's report:

- Defendant was a partner with the chief of police of a small Arizona town, splitting the proceeds of burglaries. Asked why he ever got involved in that operation, he answered that he wished he could find out why he could never say, "No." That "this same quandary applies to his whole past life history in which he deplores his repetitive and recidivous behavior, which he says began at the age of nine." That he is presently 45 years of age; that by the age of 12 he had been in reformatories in Texas and Oklahoma; that at age 17 he cashed some checks forged by someone else and drew a two-year term in a Texas prison; that shortly thereafter he himself forged some checks and received a seven-year sentence, of which he served four years; that a few days later he stole a car and was sentenced again to a Texas prison for three years; this was followed by a five-year sentence on another check charge; then came more bad checks and a twelve-year sentence in California; that in 1963 he was sentenced to a term at Florence, Arizona.

Dr. Duisberg concludes:

"[T]he patient is one of those pathetic individuals who muddle through life displaying an outward appearance of normality and even competence. . . . I do not feel that he is dangerous, aggressive, or prone to violence."

\*   \*   \*   \*   \*   \*

"This man's record illustrates the costliness as well as the futility of incarcera-

tion of this type of individual—and the ultimate result; increasing habituation and inculcation of maladaptive behavior patterns. These people, like dull children, learn less and less through punishment. Granting that the possibility of rehabilitation . . . is limited and doubtful, it offers more hope than the methods which have obviously thus far failed."

Dr. Tuchler's report states that defendant is not mentally ill, but in the same paragraph he states that "[t]he defendant's present mental illness does not justify his commitment to a mental institution."

The guilty plea was arrived at by the usual plea-bargaining, during which the State agreed to drop two other pending informations, and the prior conviction which had been pleaded. Defendant had a working wife and two small children. The judge indicated that he had taken into consideration the excellent cooperation with the authorities in a number of counties, and with the U.S. Attorney, in clearing up a number of other crimes, and that because of defendant's cooperation, the sentence was far less than the maximum.

We have repeatedly held that any sentence within the statutory limits will not be modified in this Court, absent extremely unusual circumstances. The doctors state that defendant does not belong in an institution, but they advance no other solution. We do not consider the sentence excessive.

Defendant also contends that it was error to have found him capable of understanding the proceedings and of assisting counsel in his defense. But defendant agreed to submit that issue to the judge on the medical reports, and from them, there was no other finding possible.

Defendant's last contention is that despite his statement in open court that no promises had been made to induce the guilty plea, in truth and in fact a promise had been made "by sheriff's deputies beyond the scope of their authority." There is nothing in the record to support it.

Judgment affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.