505 P.2d 1090

The STATE of Arizona, Appellee,

v.

Charles Michael GREENLEE, Appellant.

No. 2 CA–CR 311.

Court of Appeals of Arizona,
Division 2.

Feb. 7, 1973.

Rehearing Denied March 13, 1973.

Review Denied April 3, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ed Bolding, Pima County Public Defender, by Richard Van Duizend, Asst. Public Defender, Tucson, for appellant.

KRUCKER, Judge.

This is an appeal from the imposition of a sentence of not less than four years— eleven months nor more than five years imprisonment in the Arizona State Prison on the charge of theft of a motor vehicle under A.R.S. § 13–672, as amended, said sentence to begin upon the expiration of the time defendant was to receive for his parole violation.

Briefly, the facts are as follows. On June 12, 1972, pursuant to a plea bargain under which the County Attorney agreed to drop the allegation of a prior conviction and to refrain from filing charges concerning a shotgun that was found unloaded in the back seat of the car at the time of defendant's arrest, the defendant plead guilty to theft of a motor vehicle. Prior to sentencing, Dr. Marshall Jones, a psychiatrist who had seen the defendant on one occasion, did a psychiatric evaluation of him. His report states in part:

"[I]t seems that his stealing cars is a behavior that is heavily determined by emotional factors that he has little control over. He explains his actions by

saying, 'I just like cars.' He says that he does not think about getting caught, and he describes taking the last car by saying, 'I just saw it and liked it and took it.' "

He further stated:

"Generally his judgment appears intact except in the area of stealing automobiles and trusting people. Judging from his general fund of information, he is of average or low intelligence."

And thus concluded:

"It is my impression that Mr. Greenlee could and would use an opportunity to work in psychiatric treatment. I would recommend that he be in a hospital while undergoing treatment in order to have the necessary external controls on his behavior, unless psychiatric treatment could be given to him in a prison setting. I think prison could be very damaging and destructive to him."

On July 13, 1972, defendant appeared for sentencing. The court, in evaluating this report, stated:

"I personally feel that if this man had definite sanity problems, that would be something else, but he has a proclivity for theft of cars. That's it, period, and if he knows that he is going to get in trouble stealing cars, he shouldn't steal cars, and if he does it, he should suffer the consequences especially in view of his prior record."

Later, he added:

"Now, I have observed Mr. Greenlee a number of times in this Court, and I think that he is smart. I think he knows what he is doing and I don't think he is anybody's fool."

Thereupon he sentenced the defendant, adding directions to state prison officials to provide psychiatric care within their means for defendant's rehabilitation.

The sole question raised by defendant is whether the sentence was excessive in view of the psychiatrist's statements and conclusions.

The law as to exercise of discretion in sentencing has been stated on numerous occasions by this court. When a sentence is within statutory limits, as is this one, an appellate court will not supersede the trial judge's discretion unless there is a clear abuse of such discretion. State v. Lerch, 107 Ariz. 529, 490 P.2d 1 (1971), and cases cited therein. In determining whether an abuse exists, the court should consider the purpose of the sentence and the objectives sought to be obtained, namely, retribution, deterrence, restraint and rehabilitation. See, State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968).

In the instant case, an examination of the record reveals that the court was basing its consideration as to the sentence primarily on the third objective—restraint.

While we are of the opinion that defendant's contentions would merit a conclusion that the judge abused his discretion, had he perfunctorily disregarded the psychiatrist's report, this is not the case. The record reveals that the judge gave this report careful consideration, weighing it against his personal observations of the defendant and his past record, then striking a balance by sentencing the defendant to prison time with an order to the prison officials to provide the psychiatric care within their means. Were we to say that such was an abuse of discretion, we believe we would be taking the sentencing process out of the hands of the trial court. Who is to say that rehabilitation in a given case is to receive more weight than restraint? Surely not this court. See, State v. Cuzick, 109 Ariz. 16, 504 P.2d 492 (filed December 27, 1972), for a case with similar facts. The ultimate decision must be left in the hands of the trial court.

Based upon the foregoing, we are unable to find an abuse of the trial court's discretion. Therefore, the judgment is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.