506 P.2d 1048

**The STATE of Arizona, Appellee,**

v.

**William Peter THORNHILL, Appellant.**

**No. 2307.**

Supreme Court of Arizona,
In Division.

March 1, 1973.

Rehearing Denied April 3, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen. and Albert M. Coury, Former Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment entered on defendant's plea of guilty to the crime of theft from the person, § 13–661, subsec. A A.R.S., and a sentence thereon of three to five years.

We are asked to answer only one question on appeal and that is: Was there a sufficient factual basis for the plea as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The facts necessary for a determination of the matter on appeal are as follows. After a preliminary hearing, the defendant was held to answer to the charge of armed robbery, § 13–641 A.R.S. On 11 January 1971, defendant withdrew a previous plea of not guilty and entered a plea of guilty to the amended information charging theft

from the person. After hearings on 25 January 1971 and on 4 February 1971, defendant was sentenced to serve three to five years in the Arizona State Prison. Defendant timely filed notice of appeal on 10 February 1971.

At the time defendant changed his plea, the court questioned him briefly as to the factual basis of the plea:

"THE COURT: * * * In Cause No. 64621 it is alleged that on or about August 21, 1970, and before the filing of this information in Maricopa County, Arizona, that in said county and state you stole from the person of Richard Renden, personal property; to wit, money of the value of more than $100.00, all in violation of A.R.S. Sections 13–661 and 13–663 as amended.

Now, do you understand that is the charge contained in this information number 64621?

"THE DEFENDANT: Yes, sir."

At the time of the hearing, the trial court had before it the reporter's transcript of the preliminary hearing which provided a complete factual background of the crime. The reporter's transcript is a part of the record for the purposes of satisfying the "factual basis of the plea" requirements of Boykin, supra. See State v. Darling, 109 Ariz. 148, 506 P.2d 1042, filed this day.

We have reviewed the entire record as required by § 13–1715 A.R.S., State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964) and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). We find no fundamental error.

Judgment affirmed.

LOCKWOOD, J., and JACOBSON, Judge of the Court of Appeals, Division One, concur.