507 P.2d 685

**STATE of Arizona, Appellee,**

v.

**James B. DAVIDSON, Appellant.**

**No. 1 CA–CR 504.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 15, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs and Cleon M. Duke, Asst. Attys. Gen., for appellee.

Walter F. Kessler, Phoenix, for appellant.

STEVENS, Judge.

The defendant-appellant, James B. Davidson, appeals to this Court after a judgment of guilt and sentence following a plea of guilty to an amended count and the dismissal of two other counts of an information. The defendant urges:

1. That the trial court committed reversible error in refusing to grant a Criminal Rule 336, 17 A.R.S., hearing; and

2. That the sentence imposed is excessive.

The defendant's present counsel began his representation of the defendant after the conclusion of all trial court proceedings when he filed the notice of appeal. From the record it appears to this Court that the defendant was well represented by his privately employed counsel prior to the notice of appeal.

Arising out of a series of transactions which occurred on one afternoon, the defendant was charged with one count of robbery and two counts of assault with a deadly weapon while armed with a gun, to wit, a Winchester Model 94 30–30. The permissible sentence range for each count was not less than five years and not more than life. After psychiatric examinations and reports by Fred C. Merkling, M. D., and Eugene R. Almer, M. D., the defendant was permitted to plead guilty to one count of an assault with a deadly weapon, which count was amended by deleting reference to a gun, resulting in a permissible sentence range of not less than one and not more than ten years.

Prior to passing sentence the trial judge had before him a very complete pre-sentence investigation report and the reports of the two psychiatric examinations. In aid of this Court's consideration of the appeal this Court, on its own motion, caused the record on appeal to be enlarged to include this material. The defendant has had a drinking problem for some time and when drinking excessively "he can engage in violent or dangerous behavior" [Dr. Almer's report]. This tendency was apparently the main reason for his early discharge from the military service. The defendant "does have much unconscious hostility, which, when under the influence of alcohol is expressed overtly against people and property" [Dr. Merkling's report]. The factual background of the offenses charged discloses no provocation for the defendant's activities of that day. The victim, in relation to the count to which the defendant pleaded guilty, sustained a gunshot wound. The defendant's only prior criminal convictions were for misdemeanors apparently associated with his drinking.

▮ The trial court's minutes of 30 March 1972 contain the adjudication of guilt and a sentence of not less than nine years nor more than ten years in the Arizona State Prison reduced by the defendant's jail time between the date of his arrest and the date of the sentence. On 30 March the sentencing was complete. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962), contains the following statement by our Arizona Supreme Court:

"The judgment is complete and valid when it is orally pronounced by the court and entered in the minutes. Moore v. State, 55 Ariz. 43, 97 P.2d 925 (1940); Anderson v. State, 54 Ariz. 387, 96 P.2d 281, 126 A.L.R. 501 (1939). Nothing further is necessary to make it valid, Moore v. State, supra, nor is a written judgment required, Anderson v. State, supra." 92 Ariz. at 48, 373 P.2d at 359.

On 3 April 1973 the defendant's then counsel filed a "motion to reconsider sentence and request for mitigation hearing". The body of the motion is as follows:

"Defendant by his attorney undersigned moves the Court to reconsider it [sic] sentence of the defendant imposed on March 30, 1972, and requests a mitigation hearing pursuant to Rule 336 of the Rules of Criminal Procedure for the reason that said sentence is excessive and does not accurately take into account the prior record of defendant."

We quote Criminal Rule 336:

"Rule 336. Inquiry into mitigating or aggravating circumstances

"When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the circumstances summarily in open court, either immediately or at a special time and upon such notice to the adverse party as the court

directs, or the court may inquire into such circumstances of its own motion."

In our opinion the request for a Rule 336 hearing must be made before the time for the pronouncement of sentence. This was not done here. The motion fails to point out the nature of the evidence to be presented so as to possibly persuade the trial judge to give favorable consideration to a late motion. As before stated, the trial judge had before him the two psychiatric reports and a pre-sentence report. This Court in State v. Ferguson, 19 Ariz. App. 264, 506 P.2d 655 (filed 27 February 1973), held that where a Rule 336 request was filed at the time of sentencing and on questioning by the trial judge it was disclosed that there was nothing to be presented which was not already before the trial court there was no error in failing to grant a hearing, even in the face of rather mandatory language contained in the rule.

The defendant points out that the trial court did not deny the request until 24 May and that in the meantime the trial court had entered the formal written judgment and sentence on 11 April. In this connection see the above quotation from Dowthard. It is not certain how the Rule 336 motion came to the trial court's attention. We note, however, that the defendant's then attorney appeared before the trial court on 10 April and secured an order directing the manner of the release of the defendant's cash appearance bond.

We find an absence of error in the failure to grant a Criminal Rule 336 hearing.

■ The defendant urges that since the defendant is a young man, aged 23 at the time of the offenses, and was without a prior felony conviction, the sentence is excessive. A.R.S. § 13–1717, subsec. B authorizes the Court, on appeal, to reduce sentences. A recent expression in this area of the law is found in State v. Lerch, 107 Ariz. 529, 490 P.2d 1 (1971), wherein our Supreme Court stated:

"It is well-settled in this jurisdiction that the trial court has wide discretion in passing sentence and if the sentence is within the statutory limits it will be upheld unless there is a clear abuse of discretion. (Citations omitted)." 107 Ariz. at 532, 490 P.2d at 4.

In relation to sentences and by an opinion filed on 5 February 1973 in the case of State v. Hays, 109 Ariz. 123, 506 P.2d 254, our Supreme Court observed that:

"* * * Under the indeterminate sentence procedures, the actual time served within the framework of the sentence depends upon the parole board's view of the prisoner's record, rehabilitation, and prospects of becoming a good citizen when set free."

The question before us is not whether we should second-guess the trial judge and determine that had we been in his position we might have entered a different sentence. The record before the trial judge does not persuade this Court that there was a clear abuse of discretion.

The trial court is affirmed.

DONOFRIO, P. J., and OGG, J., concur.