588 P.2d 309

**STATE of Arizona, Appellee,**

v.

**Waldo Rangle DIAZ, Appellant.**

**No. 4395.**

Supreme Court of Arizona,
In Banc.

Dec. 19, 1978.

 

the time of his arrest. The state responded to this motion on February 6, 1978. Because defendant pled guilty to grand theft on February 7, 1978, pursuant to a plea agreement, the court did not rule upon the motion to suppress.

Defendant was adjudged guilty and sentenced to a prison term of not less than eight nor more than nine years. Having filed a timely Notice of Appeal, he raises three issues for our consideration:

1. Did the Justice of the Peace err by reopening the preliminary hearing after the prosecution had rested?

2. Did the trial court fail to determine the existence of a factual basis for defendant's guilty plea as mandated by 17 A.R.S., Rules of Criminal Procedure, rule 17.3?

3. Did the trial court err by failing to rule upon defendant's motion to suppress evidence before accepting his change of plea?

At defendant's preliminary hearing, the state rested its case after the court stated that it was unnecessary for the state to call another witness. Thereupon, defendant moved to dismiss for lack of probable cause. After taking this motion under advisement and recessing for a short time, the Justice of the Peace reopened the hearing and allowed the state to call its additional witness. Defendant submits that these events operated to deny him due process of law. His underlying argument is that there would have been insufficient evidence to establish probable cause to bind him over for trial if not for the court's improper reopening of the hearing.

We must reject defendant's challenge to the preliminary hearing proceedings without reaching the substance of his argument. It is well-settled in this state that a defendant waives any non-jurisdictional defense, defects and irregularities in the preliminary hearing when he pleads guilty to a charge. *State v. Nicholson*, 109 Ariz. 6, 503 P.2d 954 (1972). *See State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974); *State v. Hansen*, 105 Ariz. 368, 464 P.2d 960 (1970); *State v. White*, 102 Ariz. 18, 423

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

William J. Friedl, Bendalin, Galasky & Friedl, Phoenix, for appellant.

GORDON, Justice:

Defendant Waldo Rangle Diaz appeals his conviction and sentence for grand theft, a violation of A.R.S. §§ 13–661, 13–663, and 13–671. Taking jurisdiction pursuant to 17A A.R.S., Supreme Court Rules, rule 47(e)(5), we affirm the judgment of the Superior Court.

Defendant was arrested and initially charged with second degree burglary and grand theft. After a preliminary hearing, probable cause was found for the charge of grand theft, and defendant was bound over to Superior Court for trial.

Following the court's denial of a motion for redetermination of probable cause, defendant, on January 30, 1978, filed a motion to suppress evidence seized by the police at

**18**

P.2d 716 (1967). Clearly, the irregularities in defendant's preliminary hearing are non-jurisdictional. *See State v. Nicholson, supra*, in which an alleged evidentiary insufficiency and consequent failure to establish probable cause were considered non-jurisdictional.

In *Hansen, supra*, defendant contended that his deafness prevented him from understanding the testimony offered at his preliminary hearing. As a result, he claimed that he was unable to assist counsel in his own defense at the hearing. This Court held, and we now reiterate:

> "[T]he right to have a preliminary hearing is a personal privilege for the benefit of the accused and he may either expressly or impliedly waive such privilege. * * [Defendant's] guilty plea to grand theft acted as a waiver of his right to challenge the preliminary proceedings." 105 Ariz. 368, 372, 464 P.2d 960, 964.

■ Defendant next submits that his judgment and sentence should be vacated, because the trial judge failed to establish a factual basis for his guilty plea as required by 17 A.R.S., Rules of Criminal Procedure, rule 17.3.[1] Defendant asserts that the dialogue between himself and the trial judge at his plea hearing was insufficient to support a factual basis for his plea. He acknowledges that a factual basis may be established by the record, of which the preliminary hearing transcript is a part. *State v. Thornhill*, 109 Ariz. 154, 506 P.2d 1048 (1973). His contention is, however, that a reviewing court may not utilize the preliminary hearing transcript to garner facts in support of a factual basis when the validity of the preliminary hearing is challenged on appeal.

■ Since we have rejected defendant's challenge of his preliminary hearing, its transcript is unquestionably a part of the record from which a factual basis for his

plea may be established. We find, however, that the plea hearing transcript alone is sufficient to establish a factual basis.

■ Our Court of Appeals has discussed the elements of grand theft which must be elicited, at the plea hearing or from the complete record, to establish a factual basis for a defendant's guilty plea. These elements are: that the theft took place; that defendant participated in it; location of the offense; what property was involved, and the value of the property. *See, State v. Mendiola*, 23 Ariz.App. 251, 532 P.2d 193 (1975).

At the defendant's plea hearing, the following colloquy occurred:

> "THE COURT: The Information in this case alleges that on or about the 23rd day of October, 1977, in Maricopa County you stole from William Bayse property of a value exceeding $100.00, to wit: 45 pairs of denim pants in violation of Arizona Revised Statutes. On the 23rd day of October, 1977, did you in fact steal 45 pairs of denim pants?
> "MR. DIAZ: Yes, sir.
> "THE COURT: Where did you get them from, his car?
> "MR. DIAZ: Yes, sir, from the store.
> "THE COURT: Did you have the permission to take them?
> "MR. DIAZ: No.
> "THE COURT: Are you pleading guilty because you are in fact guilty?
> "MR. DIAZ: Yes, sir.
> "THE COURT: This occurred within Maricopa County?
> "MR. DIAZ: Yes, sir.
> "THE COURT: Do counsel have any questions as to the factual basis or the voluntariness of the plea?
> "MR. THURSTON: Your Honor, I might have missed this. Did the pants exceed $100.00 in value?
> "THE COURT: Were they more than $100.00?

---

1. Rule 17.3 provides: "Before accepting a plea of guilty or no contest, the court shall address the defendant personally and in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement). The trial court may at that time determine that there is a factual basis for the plea or the determination may be deferred to the time for judgment of guilt as provided by Rule 26.2(c)."

"MR. DIAZ: Yes, sir."

We find that the above dialogue establishes the elements of grand theft as set forth in *Mendiola, supra.* The court, therefore, correctly determined the existence of a factual basis for defendant's plea, in compliance with Rule 17.3.

Defendant's final argument on appeal is that the trial judge erred by failing to rule upon his motion to suppress evidence before accepting defendant's guilty plea. By this motion, defendant had sought to suppress evidence obtained as a result of an allegedly illegal search and seizure. The trial judge's failure to rule on the motion is a non-jurisdictional, procedural irregularity that was also waived by the appellant's entry of a voluntary and knowing guilty plea. *See State v. Bazan,* 119 Ariz. 260, 580 P.2d 721 (1978); *State v. Lerner,* 113 Ariz.

284, 551 P.2d 553 (1976); *State v. Murphy,* 97 Ariz. 14, 396 P.2d 250 (1964).

We have searched the record for fundamental error, in compliance with A.R.S. § 13–1715.B and such cases as *State v. Bradley,* 99 Ariz. 328, 409 P.2d 35 (1965). Finding none, we affirm the judgment and sentence of the Superior Court.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.