605 P.2d 460

**STATE of Arizona, Respondent,**

v.

**Patrick Joseph BROWNE, Petitioner.**

**Nos. 1 CA–CR 4120–PR, 1 CA–CR 4121–PR.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 13, 1979.

Rehearing Denied Jan. 3, 1980.
Review Denied Jan. 22, 1980.

Charles F. Hyder, Maricopa County Atty. by William DeMars, Deputy County Atty., Phoenix, for respondent.

Law Offices of James P. Bartlett by William W. Drury, Jr., Phoenix, for petitioner.

## OPINION

EUBANK, Presiding Judge.

By separate informations, petitioner Browne was charged with two counts of armed robbery with a gun in violation of former A.R.S. §§ 13–641 and 13–643(B).[1] Pursuant to a plea agreement, petitioner pled guilty to both charges on July 24, 1978. In exchange, the State agreed that he would be sentenced to five to thirteen years on each charge, the sentences to run concurrently. In addition, a separate charge of armed kidnapping was to be dismissed, and an outstanding third armed robbery charge would not be filed. Concurrent five to thirteen year sentences were subsequently imposed by the trial court. On appeal, the judgments and sentences were affirmed.[2] On January 26, 1979, petitioner filed petitions for post-conviction relief in both cases, pursuant to Rule 32, Rules of Criminal Procedure, 17 A.R.S. He alleged that his pleas were involuntary and the result of duress caused by his co-defendant brother's threats to harm petitioner's wife and child if they testified for petitioner. The petitions were supported by letters by petitioner's wife and counsel. The wife's letter stated that the co-defendant, whose charges had been dismissed, had beaten her approximately two weeks before the pleas and threatened her and her child with additional harm if she remained in the Phoenix area and testified on behalf of her husband because the testimony would tend to inculpate the co-defendant. She did not indicate any testimony that would exculpate her husband. The trial attorney's letters did not indicate that petitioner was innocent of the crimes he pled guilty to, but that he could testify to the wife's condition after the beating.

In its responses, the State asserts that petitioner is precluded from raising the issue pursuant to Rule 32.2, Rules of Criminal Procedure, 17 A.R.S., because he had knowingly, voluntarily and intelligently not raised the issue on appeal. The State also asserts that petitioner's allegations are unsupported by fact because when the guilty pleas were taken, petitioner was specifically asked by the trial court whether his pleas were in any way induced by threats or force, to which he answered "no".

The trial court denied relief on the grounds of preclusion and waiver. Citing *State v. Lerch,* 107 Ariz. 529, 490 P.2d 1 (1971), the trial court held that because at the taking of the pleas, petitioner stated on the record that he had not been forced, coerced or threatened to enter the pleas, he waived any later right to claim that the pleas were coerced.

Timely motions for rehearing were filed reasserting the allegations in the petitions for post-conviction relief and further arguing that the petitioner was entitled to a hearing pursuant to Rule 32.8, Rules of Criminal Procedure, 17 A.R.S. The motions were denied and timely petitions for review were taken to this Court. Because of the identity of issues, the matters were consolidated in this Court.

---

1. Now A.R.S. § 13–1904.

2. *State v. Browne,* 1 CA–CR 3648 and 1 CA–CR 3649, Memorandum Decisions filed February 6, 1979.

We hold that the issue raised by petitioner is precluded by the prior appeal, *State v. Browne*, 1 CA–CR 3648 and 1 CA–CR 3649, Memorandum Decision filed February 6, 1979. The letters supporting the petition do not indicate that petitioner did not commit the crimes he pled guilty ·to and was sentenced for committing. As the trial court stated in its March 23, 1979 order:

The Petition for Post Conviction Relief does not indicate what the wife was going to testify to, or how she could aid defendant. One has to wonder what her testimony would consist of since defendant has admitted to commission of all the armed robberies involved here. In addition, the record clearly indicates that the defendant has been identified by both managers of both of the victim establishments.

\* \* \* \* \* \*

The letter in the file dated October 11, 1978, is also worthy of specific consideration as to why that petition should not be granted. Nowhere in that letter, or even in the prior Petition does the defendant indicate that the testimony of his wife would indicate his innocence or that he did not commit the crimes in question. Rather, a fair evaluation of the file as a whole and specifically the letter in question clearly indicates his admission of two violent crimes, a long and detailed violent history and that he was a danger to society. The letter presents only a plea for mercy because of a violent childhood and youth.

His brother's abuse of his wife is irrelevant to the issue of petitioner's guilt or innocence. Under these circumstances, the claim to "duress" is insubstantial and waived. *See State v. Lerch, supra.*

Our review of the record shows that no colorable claim was raised in either petition. The trial court, therefore, properly handled the matter summarily without the necessity of a further hearing. Rule 32.6, Rules of Criminal Procedure, 17 A.R.S.

Relief is denied.

OGG, C. J., and BROOKS, J., concur.

NOTE: The Honorable J. THOMAS BROOKS, Coconino County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.