799 P.2d 896

The STATE of Arizona, Appellee,

v.

Johnny William JOHNSON, Jr., Appellant.

Nos. 2 CA–CR 90–0161, 2 CA–CR 90–0162.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 20, 1990.

Publication Ordered Oct. 24, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Mark Edward Hessinger, Phoenix, for appellee.

Jim D. Himelic, Tucson, for appellant.

## OPINION

FERNANDEZ, Chief Judge.

Pursuant to a plea agreement consolidating two cases, appellant pled guilty to three counts of theft by control and one count of trafficking in stolen property. On appeal, he contends that the court erred 1) in finding a factual basis on one of the theft counts, 2) in finding a factual basis for the trafficking in stolen property count, 3) in sentencing appellant on the trafficking in stolen property count as a class 3 felony with two prior convictions, and 4) in imposing consecutive sentences. We affirm.

In CR–28505 appellant was charged with second-degree burglary and theft by control, both class 3 felonies. In CR–28749, he was charged with three counts of second-degree burglary, two counts of theft by

control, all class 3 felonies, and one count of first-degree trafficking in stolen property, a class 2 felony. Appellant pled guilty to one count of theft by control in CR–28505, and in CR–28749, to two counts of theft by control, one a class 3 felony and one a class 4, and one count of second-degree trafficking in stolen property, a class 3 felony. He also admitted that the offense in CR–28505 served as a prior conviction to the first two counts in CR–28749 and that his conviction on the first count in CR–28749 was a prior conviction to the second count.

Appellant was sentenced to the presumptive term of five years in CR–28505. In CR–28749, he was sentenced to presumptive terms of 7.5 years on the first count, 11.25 years on the second count, and four years on the last count, to be served concurrently with each other but consecutively to the sentence in CR–28505. The court ordered payment of restitution to two of the three victims.

## FACTUAL BASIS FOR THEFT BY CONTROL

■■■ Appellant claims that the trial court failed to establish the factual basis for his guilty plea to theft by control over $1,000, arguing that no value for the items was discussed at the change-of-plea hearing. The items stolen were some musical instruments, some silver flatware, and other assorted items. The presentence report contains an itemized list prepared by the victim showing the estimated market value of the items stolen. The estimate exceeds $1,000, and the court ordered restitution in the amount of $1,306.64.

Evidence of guilt to support a guilty plea may be derived from the record as a whole or any part thereof. *State v. Hamilton,* 142 Ariz. 91, 688 P.2d 983 (1984); *State v. Diaz,* 121 Ariz. 16, 588 P.2d 309 (1978). We find no merit to appellant's contention.

## FACTUAL BASIS FOR TRAFFICKING IN STOLEN PROPERTY

■■■ Appellant argues that because he only pawned stolen property, no factual basis was established for the trafficking in stolen property count. He argues that because pawning is defined as a bailment of goods, it does not fit the definition of trafficking contained in A.R.S. § 13–2301(B)(3). That section reads as follows:

'Traffic' means to sell, transfer, distribute, dispense *or otherwise dispose of* stolen property to another person, or to buy, receive, possess or obtain control of stolen property, with intent to sell, transfer, distribute, dispense or otherwise dispose of to another person.

(Emphasis added.) Appellant contends that in creating a bailment he did not give up ownership of the property but merely possession of it. We find no merit to his contentions. Appellant obviously "dispose[d] of" the stolen property when he pawned it.

■■■ We also find no merit to appellant's argument that convicting him of both theft and trafficking in stolen property violates his rights against double jeopardy. The basis of his argument is the fact that the same property was involved in both charges. The case cited by appellant in support of that contention, however, is not applicable. In *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court held that the double jeopardy clause bars a prosecution for an offense if, in establishing an element of the crime, the state must prove conduct that constitutes an offense for which the defendant has already been prosecuted. In this case, the state would not have to prove theft in order to prosecute appellant for trafficking in stolen property and vice versa. The fact that the same property is involved is irrelevant.

## ENHANCEMENT OF SENTENCE WITH TWO PRIOR CONVICTIONS

■■■ Appellant argues that the court improperly enhanced one of the theft charges with two prior convictions. He contends that one of the prior felonies, theft by control, constituted a single act with the trafficking in stolen property charge.

To establish theft by control, the state must prove that a defendant knowingly controlled the property of another with the intent to deprive that person of the property. A.R.S. § 13–1802(A)(1). To establish trafficking in stolen property, the state must prove that the defendant recklessly trafficked in the stolen property of another. A.R.S. § 13–2307(A). Offenses are deemed to be a single act for sentencing purposes if, after eliminating evidence supporting the elements of one charge, there is insufficient evidence to support the elements of an additional charge. *State v. Noble,* 152 Ariz. 284, 731 P.2d 1228 (1987); *State v. Rogowski,* 130 Ariz. 99, 634 P.2d 387 (1981). Here, appellant knowingly controlled the property of another with the intent to deprive that person of his property, thereby committing theft by control. The next day, appellant pawned some of that property, thus committing the crime of trafficking in stolen property. After eliminating the evidence supporting the theft count, sufficient evidence remains to support the trafficking in stolen property count. Therefore, the enhanced sentence was proper.

## CONSECUTIVE SENTENCING

Appellant complains that the court abused its discretion in ordering the concurrent sentences of CR–28749 to run consecutively to the sentence imposed in CR–28505. We find no abuse of discretion in view of appellant's significant juvenile record and the numerous crimes in which he has been involved.

Affirmed.

ROLL, P.J., and HOWARD, J., concur.