NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAMON ELI RICHARDSON, *Petitioner*.

No. 1 CA-CR 22-0179 PRPC
FILED 2-9-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2018-133539-001
The Honorable Ronda R. Fisk, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Damon Eli Richardson, Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma, Judge Cynthia J. Bailey, and Vice Chief Judge David B. Gass delivered the following decision.

---

**PER CURIAM**:

**¶1** Damon Richardson petitions for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure (Rule) 33. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** In July 2018, the State charged Richardson with eleven sex crimes involving minors and one count of misconduct involving weapons, alleged to have been committed in Maricopa County on various dates (and date ranges) in 2013 to 2016. After a settlement conference, Richardson pled guilty to one count of sexual exploitation of a minor (a class 2 felony and a Dangerous Crime Against Children) and two counts of attempted sexual exploitation of a minor (class 3 felonies and Dangerous Crimes Against Children). The superior court imposed a consequence consistent with the plea agreement: 17 years' imprisonment (the presumptive sentence) for the sexual exploitation of a minor conviction, to be followed by lifetime probation for the attempt convictions.

**¶3** Richardson timely filed for post-conviction relief, and the superior court appointed counsel to represent him. After counsel found no colorable claim, Richardson petitioned for relief *in propria persona*. The superior court summarily dismissed Richardson's claims, and he timely sought review. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. § 13-4239.C and Rule 32.16.

## ANALYSIS

**¶4** Richardson argues the superior court should have granted post-conviction relief under Rules 33.1(a) and 33.1(c) based on the following claims: (1) his arrest was unlawful; (2) the complaint filed against him was untimely; (3) he was unlawfully held without bond; (4) he did not receive a preliminary hearing; (5) the State withheld exculpatory evidence; (6) the

settlement judge coerced his plea; (7) the State vindictively prosecuted him and coerced his plea; (8) his plea was not supported by an adequate factual basis; (9) defense counsel provided ineffective assistance by not obtaining exculpatory evidence and by not objecting to the State and the superior court's conduct in coercing his plea; (10) the same judge unlawfully participated in both settlement negotiations and sentencing; (11) he was sentenced on multiple charges; (12) his sentence was unlawfully enhanced; and (13) the superior court erroneously denied his motion to compel production of exculpatory evidence. Richardson also argues the superior court should have granted his motion for a change of judge for post-conviction relief.

¶5        We review the superior court's denial of post-conviction relief for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). We review the court's determinations of law *de novo. Id.*

¶6        Before accepting a guilty plea, the superior court must undertake a colloquy with the defendant and find the defendant entered the plea voluntarily, intelligently, and knowingly. *State v. Rose*, 231 Ariz. 500, 505, ¶ 13 (2013). To that end, the superior court must ensure the defendant understands the charges, the sentencing range and conditions, and the constitutional rights the defendant waives by pleading guilty. *Id.*; Ariz. R. Crim. P. 17.2(a). The superior court also must confirm the defendant wishes to relinquish those constitutional rights and the "plea is voluntary and not the result of force, threats or promises." Ariz. R. Crim. P. 17.3(a). A plea is involuntary if the defendant lacks information essential to his decision. *State v. Stefanovich*, 232 Ariz. 154, 157, ¶ 12 (App. 2013). The record shows, and Richardson does not dispute, the superior court fulfilled its obligations under Rules 17.2(a) and 17.3(a).

¶7        By pleading guilty, a defendant relinquishes his right to challenge "all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of [the] plea." *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013). In other words, a pleading defendant waives actual and potential non-jurisdictional "claims relating to the deprivation of constitutional rights" occurring before the plea unless a deprivation relates to the validity of the plea itself. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

¶8        The superior court correctly dismissed Richardson's claims relating to his arrest, release status, preliminary hearing, and charging

documents because those claims assert non-jurisdictional issues he waived by pleading guilty. *See, e.g.*, *State v. Diaz*, 121 Ariz. 16, 17–18 (1978) (challenge to preliminary hearing waived by guilty plea); *State v. Martinez*, 102 Ariz. 215, 216 (1967) (claim of unlawful arrest waived by guilty plea); *State v. Reed*, 121 Ariz. 547, 549 (App. 1979) (challenge to grand jury proceeding waived by guilty plea).

**¶9** Though Richardson preserved claims asserting his plea was involuntary, the superior court reasonably determined he did not establish a colorable basis for relief. The State did not force Richardson to make a quick decision on the plea offer, and he did not enter a change of plea until about two weeks after the settlement conference.

**¶10** At the change-of-plea hearing, during a colloquy with the superior court judge, Richardson confirmed he fully understood and agreed with the plea agreement, his attorney answered all his questions, and no one compelled him to plead guilty by force, threat, or promise. Richardson's statements have "legal significance" and "carry a strong presumption of verity." *State v. Leyva*, 241 Ariz. 521, 525, ¶ 12 (App. 2017) (cleaned up). Because Richardson did not show the representations were the result of "misunderstanding, duress, or misrepresentation by others," he failed to rebut that presumption. *Id.* at 526, ¶ 13 (cleaned up).

**¶11** First, the record does not support Richardson's argument the superior court coerced his plea at the settlement conference. At the outset, the superior court told Richardson its role was not to promote any particular outcome but simply to give him information so he could "make an informed decision" whether to accept the plea offer. The superior court then explained the relative strengths and weaknesses of the State's case against Richardson and different sentencing scenarios if he were convicted at trial.

**¶12** Richardson next argues the State's conduct at the settlement conference effectively coerced his plea and revealed a vindictive prosecution. Initially, the State incorrectly asserted it needed only to prove "possession" on the sexual exploitation charges. But the State promptly corrected itself and agreed it also needed to prove Richardson "knowingly" possessed the exploitive images. Additionally, the State's suggestion it could add charges based on additional images found on a separate device if Richardson rejected the plea did not render the plea involuntary. A prosecutor may lawfully threaten to bring additional charges, supported by probable cause, in the interest of persuading the defendant to accept a plea. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978); *State v. Dominguez*, 130 Ariz.

498, 499 (App. 1981). Such conduct is a legitimate tactic in plea bargaining and does not, in itself, constitute unlawful coercion or vindictiveness. *See Bordenkircher*, 434 U.S. at 363 (reasoning that "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer" and "acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process").

¶13     Richardson asserts his attorney provided ineffective assistance by not objecting to the misconduct of the prosecutor and the superior court during the settlement conference. To establish a colorable claim of ineffective assistance, a defendant must show counsel's performance was objectively unreasonable and caused prejudice. *Bigger*, 251 Ariz. at 407, ¶¶ 7–8. Because neither the court nor the prosecutor committed misconduct, his attorney had no reasonable basis to object and the superior court appropriately dismissed that claim. In his underlying petition, Richardson also claimed defense counsel provided ineffective assistance by not explaining the elements of the offense and by allowing him to plead guilty without adequate proof the statutory elements were met. Richardson has abandoned those claims because he did not raise them on review. *See* Ariz. R. Crim. P. 33.16(c)(4); *State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12 n.4 (App. 2010).

¶14     Richardson also claims the factual basis offered to support his plea was inadequate. Besides ensuring a defendant's guilty plea is voluntary, the superior court must also find a factual basis to support the plea. Ariz. R. Crim. P. 17.3(b). The record does not support Richardson's claim. At the change-of-plea hearing, Richardson expressly agreed he "knowing[ly]" possessed, and attempted to possess, exploitive images of a minor under 15. His admissions satisfied the elements of A.R.S. § 13-3553. *See* Ariz. R. Crim. P. 17.3(b) (court may find factual basis from a defendant's statements); *State v. McVay*, 131 Ariz. 369, 374 (1982) (defendant's admissions of intent during plea colloquy provided sufficient evidence of malice); *see also Rose*, 231 Ariz. at 506, ¶ 21 (factual basis is satisfied by "strong evidence" of guilt and does not require proof "beyond a reasonable doubt") (citations omitted).

¶15     Richardson raises several claims about purportedly exculpatory evidence showing he did not "knowingly" possess the exploitive images. He asserts text messages between himself and his former girlfriend—discussing her packing and sending his belongings—show he did not knowingly possess the device with the exploitive images.

Richardson argues: (1) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding the messages; (2) his attorney provided ineffective assistance by not obtaining them despite knowing they existed; and (3) the superior court erroneously denied his post-plea motion to compel their production. Richardson establishes no right to relief.

¶16        First, the superior court reasonably determined Richardson waived his *Brady* claim when he pled guilty. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (by removing "the issue of factual guilt from the case," a guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt"). Because Richardson knew about the messages when he pled guilty, their nondisclosure could not have made his plea involuntary. *See Stefanovich* 232 Ariz. at 158, ¶ 15. The court also appropriately dismissed his claim of ineffective assistance of counsel based on defense counsel's failure to obtain the text messages. Richardson does not show his attorney's possession of the messages would have impacted his plea. *See State v. Bowers*, 192 Ariz. 419, 425, ¶ 25 (1998) (holding to assert a claim of ineffective assistance of counsel in the context of a guilty plea, the defendant must allege "specific facts which would allow a court to meaningfully assess why that deficiency was material to the plea decision").

¶17        The superior court also acted within its discretion by denying Richardson's motion to compel production of the text messages. *See State v. Fields*, 196 Ariz. 580, 582, ¶ 4 (App. 1999) (explaining a superior court abuses its discretion in a discovery ruling if it misapplies the law or relies on irrational grounds). As Richardson described in his affidavit, the text messages at most would show he lacked control over some of his belongings for a short period before law enforcement discovered the exploitive images. The superior court reasonably determined Richardson failed to show the messages' exculpatory value and he, thus, had no "substantial need" for them. *See* Ariz. R. Crim. P. 33.6(b)(1).

¶18        Richardson raises several claims about his sentence. The superior court correctly dismissed his double jeopardy claim because the record shows he was charged with, and pled guilty to, possessing (or attempting to possess) three separate exploitive images. *See State v. McPherson*, 228 Ariz. 557, 560–61, ¶¶ 7–8 (App. 2012) Richardson also claims the superior court unlawfully issued enhanced sentences and the settlement judge should not have presided over sentencing. Because Richardson did not raise those issues as grounds for relief in the superior court, we decline to review them. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); Ariz. R. Crim. P. 33.16(c)(2)(B). Conversely, Richardson raised

two sentencing issues in his underlying petition which he did not include in his petition for review: (1) the sentence was unconstitutionally disproportionate; and (2) he was not given the opportunity to review the presentence report. Richardson, thus, abandoned those issues. *See* Ariz. R. Crim. P. 33.16(c)(4); *Rodriguez*, 227 Ariz. at 61, ¶ 12 n.4.

**¶19**      Finally, we reject Richardson's contention he was entitled to have a different superior court judge rule on his claims for post-conviction relief. Rule 33.10(a) requires proceedings for post-conviction relief to be assigned, if possible, to the sentencing judge—which is exactly what occurred here. A defendant may seek a change of judge in a Rule 33 proceeding only if the proceeding is assigned to someone other than the sentencing judge. Ariz. R. Crim. P. 33.10(a).

## CONCLUSION

**¶20**      We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA