731 P.2d 1228

**STATE of Arizona, Appellee,**

v.

**Andrew NOBLE, Appellant.**

No. 6733.

Supreme Court of Arizona,
En Banc.

Jan. 28, 1987.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Crim. Counsel, Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James H. Kemper, Carol Carrigan, Deputy Maricopa County Public Defenders, Phoenix, for appellant.

GORDON, Chief Justice.

On December 24, 1984, Andrew Milo Noble (appellant) approached a 12–year-old girl and asked for street directions. He

then dragged the girl into nearby bushes and forced her to fondle his penis, placed his hand on her genitals, and attempted to place his penis inside her vagina. He then walked with his victim for a few blocks and released her. At most, thirty minutes passed between the time appellant approached and released his victim.

On February 25, 1985, a Maricopa County grand jury charged appellant with three counts of child molestation in violation of A.R.S. §§ 13–1410 and –3821, and one count of kidnapping in violation of A.R.S. §§ 13–1304 and –1301. A jury found appellant guilty on all four counts. The jury also found that appellant previously had been convicted of the following prior felonies: perjury (September 1965), assault with intent to commit rape (November 1965), armed robbery (September 1971), forgery (January 1979), and sexual assault (February 1981).

The trial court imposed concurrent 25–years–to–life sentences on each of the three counts of child molestation. The trial court also imposed a 25–years–to–life sentence on the kidnapping count to be served consecutive to the child molestation sentences.

Appellant filed a timely notice of appeal, contending that the trial court erred in enhancing all four sentences and in ordering the kidnapping sentence to be served consecutive to the child molestation sentences. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. §§ 13–4031, –4033, and –4035. We affirm.

I

The trial judge sentenced appellant under A.R.S. § 13–604(N), which provided at the time of appellant's conduct:

A person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a serious offense except first degree murder, whether a completed or preparatory offense, and who has previously been convicted of two or more serious offenses not committed on the same occasion shall be sentenced to life imprisonment and is

not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the person has served not less than twenty-five years.

A.R.S. § 13–604(O) defined "serious offense" to include sexual assault, child molestation, armed robbery, and kidnapping. The "serious offense" requirements of § 13–604(N) were satisfied because appellant was convicted of child molestation and kidnapping in the present case and previously had been convicted of committing armed robbery and sexual assault on separate occasions. Under the statute, the trial judge imposed 25–years-to-life sentences on each of the four counts on which appellant was convicted.

■ Appellant argues, however, that the trial judge erred in enhancing all four sentences. He relies on A.R.S. § 13–604(H), which provided at the time of appellant's conduct:

Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. *Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction* for purposes of this section.

(Emphasis added.) Appellant argues that his convictions for kidnapping and child molestation were "[c]onvictions for two or more offenses committed on the same occasion" and thus "could only be counted as one conviction." Appellant therefore contends that "an enhanced sentence could be imposed properly only once."

We believe that limits articulated in the second sentence of § 13–604(H) are applicable only in determining the number of prior convictions. Section 13–604 is a "repetitive offenders" statute, and under § 13–604(N), the defendant's sentence is enhanced because he has prior convictions for serious crimes committed on multiple occasions.

Thus, the focus is on the defendant's prior, rather than present, convictions.

By limiting application of the second sentence of § 13–604(H) to prior convictions, we do not intimate that convictions for presently charged offenses in a multiple-charge indictment may never be deemed prior convictions under § 13–604(H). If any of the presently charged offenses were not committed on the same occasion, they may be considered prior convictions. For example, if an offender commits three robberies on separate days and the felonies are consolidated for trial, convictions for the first and second robberies may be considered prior convictions. *See State v. Hannah,* 126 Ariz. 575, 576–77, 617 P.2d 527, 528–29 (1980).

■ Here, however, we conclude that the kidnapping and child molestation offenses were committed on the same occasion after noting that 1) appellant's criminal conduct was continuous and uninterrupted, 2) appellant's conduct was directed to the accomplishment of a single criminal objective rather than multiple criminal objectives, 3) only one person was victimized, and 4) the time period involved was very brief. Because appellant's four offenses were committed on the same occasion, none of the four convictions can be considered prior convictions for purposes of enhancing sentences presently being imposed.[1]

The two convictions used to enhance appellant's sentences were for armed robbery committed in September 1971 and sexual assault committed in February 1981. These crimes were not committed on the same occasion. Thus, § 13–604(H) did not bar the judge from using these two prior convictions to enhance appellant's four sentences.

## II

After enhancing all four sentences, the trial judge, under A.R.S. § 13–708, ordered that the kidnapping sentence be served consecutive to the three concurrent child mo-

lestation sentences. At the time of appellant's conduct, § 13–708 required the judge to articulate reasons for imposing consecutive sentences. Here, the trial judge complied with this requirement by stating at the sentencing proceedings:

> [T]he reasons are the various felony convictions that you've been convicted of before ...; and the fact that several of the felony convictions involve sexual offenses, and the nature of the sexual offenses and the nature of the offenses in this particular instance; and the fact apparently you just have to be taken off the street to protect people, and that's tragic, but I guess it happens to be the truth in this case.

■ Another restriction on a trial judge's ability to impose consecutive sentences is the double-punishment statute, A.R.S. § 13–116. Section 13–116 provides: "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent...." This statutory restriction precludes the trial court from ordering consecutive sentences if the offender's conduct is deemed a single act. The offender's conduct is deemed a single act if, after eliminating evidence supporting elements of one charge, remaining evidence will not support elements of additional charges. *State v. Griffin,* 148 Ariz. 82, 85, 713 P.2d 283, 286 (1986); *State v. Newman,* 141 Ariz. 554, 559, 688 P.2d 180, 185 (1984).

■ Here, appellant was charged with child molestation and kidnapping. The state established the child molestation charges in this case by proving: (1) the victim was under fifteen years of age, (2) the defendant knowingly (a) fondled, played with, or touched the private parts of the victim or (b) caused the victim to fondle, play with, or touch the defendant's private parts, and (3) the fondling, playing with, or touching of private parts was moti-

---

1. These four convictions would be considered one prior conviction for purposes of enhancing any sentences imposed for future convictions.

vated by the defendant's sexual interest. *See* A.R.S. §§ 13–1407(E), –1410. Evidence showed that Noble forced his 12–year-old victim to fondle his penis, placed his hand on her genitals, and attempted to place his penis inside her vagina. Each of these acts was a separate act. *See Griffin*, 148 Ariz. at 85–86, 713 P.2d at 286–87.

The state established the kidnapping charge in this case by proving: (1) the defendant knowingly restrained another person in a manner which substantially interfered with the person's movements, by either moving the person from place to place or by confining the person, (2) restraint was without consent of the victim's lawful custodian if the victim was younger that eighteen years of age, and (3) restraint was with the intent to inflict death, physical injury, or a sexual offense on the victim, or to otherwise aid in the commission of a felony. *See* A.R.S. §§ 13–1301(2), –1304(A)(3). After eliminating the evidence supporting the three counts of child molestation, sufficient evidence remained to support the kidnapping charge. Noble dragged his victim into nearby bushes to molest her, and then he walked with his victim for several blocks before releasing her.[2]

Because separate acts supported the elements of all four charges, the trial judge had authority to order the kidnapping sentence to be served consecutive to the three concurrent child molestation sentences without violating § 13–116.[3]

### III

■ Appellant argues that § 13–604(H) precludes a judge from ordering enhanced sentences to be served consecutively. He relies on *State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980), and *State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985). In *Mulalley*, the defendant was convicted of two violations of a statute proscribing dangerous or deadly assault by a prisoner. The trial judge ordered the defendant to serve two consecutive life terms. We held that § 13–604(H), although "admittedly not strictly on point," precluded the trial judge from imposing consecutive sentences for crimes committed on the same occasion. *Mulalley*, 127 Ariz. at 97, 618 P.2d at 591. In *Perkins*, the defendant was convicted of nine counts of armed robbery and one count of aggravated assault arising from three incidents that occurred within a ninety-minute period. The defendant was sentenced under A.R.S. § 13–604.01[4] to three consecutive life terms. We held that § 13–604(H) barred consecutive sentences if the crimes occurred on the same occasion. *Perkins*, 144 Ariz. at 595, 699 P.2d at 368.

Subsection 13–604(H), by its own language, only applies for "purposes of this section [§ 13–604]." Section 13–604 governs sentence enhancement. It places no limits on a judge's ability to impose consecutive sentences, assuming that the judge has complied with other requirements. *E.g.,* § 13–116, § 13–708. If the legislature wants § 13–604(H) to limit a judge's ability to order enhanced sentences to be served consecutively, it may expressly say so. It has declined to say so, however, and we decline to read such a limit into § 13–

---

**2.** We recognize that in some cases a kidnapping is merely incidental to or inherent in the nature of additionally charged crimes. *See, e.g., People v. Daniels*, 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225 (1969) (en banc); *State v. Buggs*, 219 Kan. 203, 547 P.2d 720, 731 (1976). For instance, because the kidnapping statutes require only confinement without consent or legal authority, a defendant cannot commit child molestation, sexual assault, or robbery without also committing a kidnapping. *See* A.R.S. § 13–1301(2). Whether moving a victim a slight distance to facilitate commission of another crime is sufficient to support a separate act and, thus, support consecutive sentences, is a more diffi-

cult issue which we decline to address today. Here, movement was more than incidental to or inherent in the nature of the sexual molestations of the little girl.

**3.** Because the trial judge ordered concurrent child molestation sentences, we express no opinion on whether the trial judge could have ordered consecutive child molestation sentences without violating § 13–116.

**4.** Renumbered § 13–604.02 by Laws 1985, Ch. 364, § 5, effective May 16, 1985.

604(H). We expressly overrule *Mulalley* and *Perkins* to the extent that they suggest § 13–604(H) in any way limits a judge's ability to impose consecutive sentences.

Furthermore, appellant's contention that § 13–604(H) requires a trial judge to impose only concurrent sentences for crimes committed on the same occasion creates anomalous sentencing results. Because appellant's acts of kidnapping and three times sexually molesting his victim occurred on the same occasion, appellant would serve his four sentences concurrently rather than consecutively. However, if appellant had sexually molested his victim once a month for three months before being charged, we would conclude that appellant's crimes were not committed on the same occasion and would permit a trial judge to order any sentences imposed to be served consecutively. The difference in prison time served in both cases is significant; yet, the number of sexual attacks on the victim is the same. Appellant's expansive reading of § 13–604(H) sends the following message to criminals: "If you must yield to temptation, purge yourself of all criminal tendencies 'on the same occasion' and receive only concurrent sentences regardless of the number of charges on which you are convicted. We caution you against fulfilling your criminal desires on separate occasions. To do so could result in imposition of consecutive sentences." We decline to convey such a message to the criminal element of society and hold that § 13–604(H) does not preclude a judge from ordering properly enhanced sentences to be served consecutively.

## IV

The trial judge did not violate § 13–604(H) by enhancing all four of appellant's sentences. The trial judge also satisfied the statutory requirements of § 13–708 before, and did not violate the statutory restrictions of § 13–116 by, ordering appellant's kidnapping sentence to be served consecutive to his three concurrent child molestation sentences. Nor did § 13–604(H) preclude the trial judge from ordering consecutive sentences.

We have reviewed the record for fundamental error as required by A.R.S. § 13–4035. Having found none, we affirm the judgment and sentence of the trial court.

FELDMAN, V.C.J., HAYS, J. (Retired), and CAMERON and HOLOHAN, JJ., concur.