747 P.2d 593

**The STATE of Arizona, Appellee,**

v.

**Samuel Wayne SWOOPES, Appellant.**

**No. 2 CA–CR 4432–2.**

Court of Appeals of Arizona, Division 1, Department A.

July 21, 1987.

Reconsideration Denied Sept. 10, 1987.

Review Denied Jan. 15, 1988.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Michael J. Brady, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury and convicted of three counts of armed robbery, three counts of kidnapping, one count of first-degree burglary, one count of sexual assault and one count of aggravated robbery, all class 2 felonies, except for the aggravated robbery, which is a class 3 felony. The jury found the state's allegations of dangerous nature as to all counts to be true.

A married couple was entertaining a friend in their home when appellant, who was armed, and two accomplices entered the residence. Their victims were ordered to lie on the floor and a blanket was placed over them. They were robbed of the money and jewelry on their persons. The intruders then ransacked the house. Periodically, appellant would press the barrel of the weapon against a victim's head and rotate the cylinder, saying "stay cool." One of the intruders dragged the wife from under the blanket, took her to a bedroom and forced her to perform fellatio. When this occurred, appellant told her husband not to "be a hero." Appellant then came into the bedroom and said it was time to leave. While appellant was in the bedroom, the two male victims got up from the floor and began to fight with the third intruder. The struggle soon involved all three assailants. As they fled the house, appellant turned and pointed the weapon at one of the victims, the husband, at close range. At the time, he was standing under the porch light. The victim observed appellant, who was not wearing a mask, for several seconds before he fled.

As the assailants fled, the two male victims saw them drive away in a mid-to-late 1960's Plymouth Valiant automobile. Not long after the incident, a Tucson Police Officer located a vehicle matching the victim's description parked at a residence next to a 1967 Chrysler owned by appellant's aunt. The officer determined that the license plate for the Chrysler had been affixed to the Valiant. A traffic officer later testified at trial that he had once stopped the Chrysler, and that appellant had given his aunt's address as his own, and had stated that she owned the Chrysler.

Nearly a year later, the husband learned in a newspaper article that appellant had been arrested in a robbery that occurred in the same neighborhood only an hour after the incident in which he had been a victim. He followed the case until it went to trial approximately 16 months after the incident at his home. He and the other male victim went to the trial where they saw appellant, who was not in custody, at close range. They immediately contacted the detective who was the investigator on both cases and told him that they were absolutely certain that appellant was the gunman in their case. The female victim was not told that the two men had identified appellant. She subsequently identified appellant independently in a live lineup at the police station. All three victims also identified appellant at trial.

A pretrial hearing was held on appellant's motion to preclude the in-court identification pursuant to *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969), *cert. den.,* 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.23d 257 (1970). After taking the matter under advisement, the court denied the motion.

At sentencing, the judge imposed the following terms of imprisonment: (1) concurrent, presumptive 10.5 year terms for the armed robbery and kidnapping of one of the victims to run concurrently with a presumptive 10.5 year term for armed burglary and a presumptive 7.5 year term for aggravated robbery; (2) concurrent, presumptive 10.5 year terms for the armed robbery and kidnapping of the second victim to run consecutively to the sentences in group (1); (3) concurrent, presumptive 10.5 year terms for the armed robbery and kidnapping of the third victim to run consecutively to the sentences in groups (1) and (2); (4) presumptive 10.5 year term for sexual assault to run consecutively to the sentences in groups (1), (2) and (3); (5) all the above sentences to run consecutively to the sentence appellant was already serving as a result of the prior, unrelated case.

Appellant's first argument on appeal is that the court erred in imposing any consecutive sentences because all his offenses constituted a "spree." He argues that the court's action is in violation of the provision of A.R.S. §§ 13–116 and 13–604(H). We disagree.

■ A.R.S. § 13–116 deals with situations where a defendant has been convicted for an act which is made punishable by different sections of the Criminal Code. Punishment may be imposed under more than one section, but the sentences must be concurrent. That statute is not applicable here. Appellant cannot be punished for any of his acts under more than one statute. Each of the crimes for which appellant was convicted are distinct crimes, each punishable under different statutes.

■ A.R.S. § 13–604(H) deals with recidivists and it sets forth the sentencing scheme to be applied when the defendant has prior convictions. Appellant argues

that *State v. Perkins,* 144 Ariz. 591, 699 P.2d 364 (1985), and *State v. Mulalley,* 127 Ariz. 92, 618 P.2d 586 (1980), require that his sentences be concurrent. *Perkins* and *Mulalley* have been overruled to the extent that they suggest that A.R.S. § 13–604(H) in any way limits a judge's ability to impose consecutive sentences. *State v. Noble,* 152 Ariz. 284, 731 P.2d 1228 (1987). We find no error in the sentences imposed.

■ Appellant next argues that the court erred in convicting him of sexual assault as an accomplice. An accomplice may be either the principal actor or an accessory who knowingly and with criminal intent participates, associates or concurs with another in the commission of a crime. *State v. McNair,* 141 Ariz. 475, 687 P.2d 1230 (1984). Appellant was the gunman who held the two men captive while his accomplice dragged the woman to the bedroom. He told the woman's husband not to "be a hero." He certainly was aware of his accomplice's intentions. A conviction may be sustained on circumstantial evidence alone. *State v. Blevins,* 128 Ariz. 64, 623 P.2d 853 (App.1981). The record contains ample evidence from which the jury could have decided that appellant knowingly participated in the commission of the sexual assault.

■ Appellant's final argument is that the victims' in-court identification of him was tainted. If an in-court identification is tainted by improper prior identification procedure, there is a high likelihood of irreparable misidentification and a denial of due process. *State v. Strickland,* 113 Ariz. 445, 556 P.2d 320 (1976); *State v. Dessureault,* supra. The test of a witness' identification is whether or not it is reliable considering the totality of the circumstances. *State v. Castaneda,* 150 Ariz. 382, 724 P.2d 1 (1986). We find no evidence in the record of any improper identification by the victims prior to their in-court identifications of appellant. As noted above, the two male victims identified appellant at his trial on an unrelated matter. The female victim identified appellant at a police lineup without being told of the positive identification

by her companions. All three victims had ample opportunity to observe appellant during the robbery. The trial court held a *Dessureault* hearing and determined that the out-of-court identifications were not unduly suggestive. We find no error.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.