816 P.2d 263

**STATE of Arizona, Appellee,**

v.

**Frank Edward LEWIS, Appellant.**

**No. 1 CA–CR 90–023.**

Court of Appeals of Arizona,
Division 1, Department B.

June 25, 1991.
Redesignated as Opinion Aug. 13, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

OPINION

BROOKS, Judge.

Appellant Frank Edward Lewis (defendant) was convicted upon jury verdicts finding him guilty of two counts of first degree murder and two counts of kidnapping. He was sentenced to consecutive terms of life imprisonment for the murders, to be served concurrently with consecutive, aggravated terms of fourteen years' imprisonment for the kidnappings.

On appeal, defendant argues that the trial court erred:

1. by instructing the jury that it could find defendant guilty of felony murder with kidnapping as the predicate felony;

2. by refusing to answer the jury's question concerning accomplice liability as it related to the elements of kidnapping; and

3. by finding that the especially cruel, heinous, or depraved manner in which the offenses were committed was an aggravating factor with respect to the murder convictions.

FACTS

On June 5, 1989, defendant and two companions, Walter (Jay) Jordan and Christopher Jordan, beat up Bob Hawley and Bill Kerr during a barroom brawl at the Westward Tavern in Phoenix. Defendant started the fight, apparently provoked by an insult that had been directed at bartender Doris McCleese, who was Jay's girlfriend.

According to witnesses, defendant broke a beer bottle over Hawley's head, knocking him to the floor. Jay then knocked Kerr to the floor and defendant and Jay began pummeling the two victims with a barrage of fists and kicks. Chris then joined in the fray, and defendant stepped aside.

After beating the men into submission, Chris and Jay tied them up with rope.

Defendant and Chris then dragged the victims out of the bar and placed them in the back of Jay's pickup truck.

Jay and defendant drove to an isolated area away from the bar. Jay then beat one or both of the victims with a tire iron, stabbed them, and cut their throats. Defendant assisted Jay in removing the bodies from the truck, and Jay threw them into an irrigation canal.

Defendant was charged with two counts of kidnapping, two counts of armed robbery, and two counts of first degree murder (both as premeditated murder and as felony murder with kidnapping and armed robbery as predicate felonies). His defense at trial was that he had participated in the crimes because he had felt intimidated and threatened by Jay and Chris. He denied any direct involvement in beating or stabbing the victims at the canal or in cutting their throats.

At the conclusion of the state's case, the trial court granted defendant's motion for directed verdicts on the armed robbery counts and on the felony murder charges insofar as they were based on armed robbery. The court denied defendant's motion for directed verdicts regarding the charges of felony murder based on kidnapping, finding that the evidence did not show that the crimes had merged. The jury found defendant guilty of both counts of first degree murder, indicating on the verdict form unanimous decisions regarding the theories of accomplice liability and felony murder. The jury also found defendant guilty on both counts of kidnapping, but deadlocked at nine to three in favor of conviction for premeditated murder.

DISCUSSION

Arizona's first degree murder statute, A.R.S. section 13–1105, provides in part:

A. A person commits first degree murder if:

. . . . .

2. Acting either alone or with one or more other persons such person commits or attempts to commit ... kidnapping

under § 13–1304 ... and in the course of and in furtherance of such offense or immediate flight from such offense, such person or another person causes the death of any person.

Without objection, the trial court instructed the jury on felony murder in the language of the statute. The court separately instructed the jury on the elements of kidnapping as charged in this case:

The crime of kidnapping requires proof of the following three things: One, the defendant knowingly restricted another person's movements; and, two, the restriction was accomplished by physical force and in a manner which interfered substantially with the person's movements and by moving the person from place to place; and, three, the restriction was with the intent to inflict death or physical injury on the person.

## I.

On appeal, defendant first contends that the trial court erred in instructing the jury on felony murder based on kidnapping. He argues that "the offense described is an illogical one, and a twin to premeditated first degree murder, an offense of which the jury did *not* convict Appellant." Defendant urges that, based upon the facts established at trial, the jury could convict him of felony murder only by finding that the victims were restrained with the intent to inflict death or physical harm on them and that their deaths were in the course of and in furtherance of that restraint. He reasons that if the original intent was to inflict death, then the crime is premeditated murder, for which he was not convicted. On the other hand, if the original intent was to inflict physical injury, and that intent was accomplished, then the offense was an aggravated assault, a crime that cannot form the basis for a felony murder conviction. Defendant relies upon *State v. Essman,* 98 Ariz. 228, 403 P.2d 540 (1965), for the proposition that the felony murder doctrine does not apply where the underlying felony is an offense included in the charge of homicide.

The Arizona Supreme Court has considered and rejected an identical argument with respect to burglary as the underlying crime for felony murder. In *State v. Hankins,* 141 Ariz. 217, 686 P.2d 740 (1984), the defendants were charged with and convicted of first degree murder and second degree burglary. The victim died of a gunshot wound inflicted by the defendants' accomplice during the course of a burglary of the victim's apartment. The state's theory on the burglary charge was that the defendants had entered the victim's apartment with the intent to commit an assault.

The defendants argued on appeal that a burglary that is premised upon an intent to commit assault merges with the homicide, thereby preventing conviction on a felony murder theory. The supreme court rejected this argument, stating that "while a felonious assault does not itself warrant a felony murder charge, remaining unlawfully in a residence with the intent to commit an assault is a burglary and the burglary warrants a felony murder charge." 141 Ariz. at 221, 686 P.2d at 744 (citations omitted).

■ Similarly, in the instant case, defendant's infliction of physical injury would not itself support a felony murder charge. Nevertheless, one who knowingly restrains a victim with the intent to inflict such injury commits kidnapping, an offense to which the felony murder rule applies. *See also State v. Villafuerte,* 142 Ariz. 323, 690 P.2d 42 (1984), *cert. denied,* 469 U.S. 1230, 105 S.Ct. 1234, 84 L.Ed.2d 371 (1985) (felony murder based on kidnapping affirmed).

■ Defendant argues that we should refuse to apply *Hankins* to this case because virtually every homicide involves some restraint and could therefore be charged as first degree murder. We disagree. First, we can conceive of many situations in which a homicide is unaccompanied by even a slight restraint. Second, this is not a case where the restraint was slight—the victims were bound and hauled away in the bed of a pick-up truck to a remote area, substantially increasing their risk of harm. Finally, as noted by our supreme court, Arizona is committed to the

view that the seizure or detention of the victim, with any accompanying movement, is necessarily sufficient to constitute the separate crime of kidnapping, whether or not the movement substantially increases the risk of harm. *State v. Gordon,* 161 Ariz. 308, 314, 778 P.2d 1204, 1210 (1989). We conclude that the trial court did not err by instructing the jury on felony murder.

## II.

Defendant next contends that the trial court erred by refusing to answer the jury's question regarding the mental state required to support a conviction for kidnapping under an accomplice theory. As noted above, the trial court instructed the jury without objection as to the elements of kidnapping. With respect to accomplice liability, the court further instructed the jury as follows:

Now a person is criminally accountable for the conduct of another if the person is an accomplice of such other person in the commission of the offense.

An accomplice is a person who, with the intent to promote or facilitate the commission of an offense, solicits or commands another person to commit that offense or aids, counsels, agrees to aid, or attempts to aid another person in planning or committing the offense or provides means or opportunity to another person to commit the offense.

In considering whether the defendant acted as an accomplice, you may consider the relationship of the parties and their conduct before and after the offense and whether the defendant intentionally and knowingly participated or aided in the planning or commission of the offense or offenses for which he is accused.

During their deliberations, the jury sent a note to the court inquiring: "Can a person by being an accomplice satisfy the third requirement of the kidnapping charge?" Following a discussion regarding the proper response, the trial court advised both counsel that it would reply as follows: "Please refer to the court's instructions which I have already given." Defense counsel objected, requesting that the jury be advised "that all elements must be satisfied of the kidnapping charge in order to find the person liable as an accomplice." The court overruled the objection, finding that the substance of defense counsel's request was already stated within the court's instructions.

Under Rule 22.3, Arizona Rules of Criminal Procedure, whether to give additional jury instructions is decision that falls within the trial court's discretion. *State v. Morales,* 139 Ariz. 572, 574, 679 P.2d 1059, 1061 (App.1983). Here, as in *Morales,* defendant failed to object to the instructions when they were given, and the instructions themselves were clear.

Furthermore, the original instructions regarding the mental state necessary for accomplice liability were correct and adequate. We find no merit in defendant's argument that a further instruction was required under *State v. Price,* 123 Ariz. 197, 199, 598 P.2d 1016, 1018, *aff'd in pertinent part,* 123 Ariz. 166, 598 P.2d 985 (1979). In that case, the trial court instructed the jury only as to the special *mens rea* required of a principal and not as to the intent required for an aider or abettor. Here, the court specifically instructed the jury that an accomplice must act "with the intent to promote or facilitate the commission of an offense." The trial court did not abuse its discretion by refusing to instruct the jury further.

## III.

Finally, defendant argues that the trial court erroneously found an aggravating factor under A.R.S. section 13–703(F)(6) and asks that this court strike it from the record. However, in view of the trial court's decision to impose life sentences, the finding of an aggravating factor is irrelevant and warrants no discussion by this court.

We have reviewed the record for fundamental error and have found none. The convictions and sentences are affirmed.

EHRLICH and KLEINSCHMIDT, JJ., concur.