IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MATTHEW AARON DUTRA, *Appellant.*

No. 1 CA-CR 17-0168
FILED 7-31-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-005832-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle Hogan
*Counsel for Appellee*

Janelle A. Mc Eachern, Attorney at Law, Chandler
By Janelle A. Mc Eachern
*Counsel for Appellant*

**OPINION**

Judge Diane M. Johnsen delivered the opinion of the Court, in which
Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O H N S E N**, Judge:

¶1         We address in this case a kidnapping conviction based on a restraint of no more than 30 seconds and compelled movement of a mere five steps.  Based on the broad language of the statute and case authorities construing it, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Matthew Aaron Dutra entered a sandwich shop and walked to the end of the counter, where he stood face-to-face with a 16-year-old employee stationed across the counter at the cash register.  Brandishing a stun gun, he activated its electric arc and demanded that the employee give him "the money."  In response, the employee took three steps back from the counter, but stopped short of a doorway that led into a closed employee-only area directly behind her.  Then, in response to Dutra's command and use of the stun gun, she took two steps forward and reached for the cash register.  With the register open, Dutra grabbed for some of the bills in the drawer, and the employee handed him the rest.  A security video showed that Dutra left the store within 30 seconds of confronting the employee.

¶3         A man sitting in his car in front of the restaurant saw Dutra as he fled on foot.  The man lost sight of Dutra as he ran toward the street, but then he heard screeching tires.  Police received separate reports of an armed robbery and a hit-and-run accident.  Officers found Dutra injured, lying in the street not far from the restaurant.  He was wearing clothing resembling that worn by the figure in the security video, and police found a stun gun nearby him on the street.  At the hospital, authorities discovered cash in Dutra's pocket in the same denominations taken from the restaurant.

¶4         A grand jury indicted Dutra on charges of armed robbery, a Class 2 felony; aggravated assault, a Class 3 felony; and kidnapping, a Class 2 felony.  At the close of the State's case-in-chief, Dutra moved for a directed verdict on the kidnapping charge, arguing the State had presented no evidence he restrained the victim as required by the kidnapping statute.  The State countered that Dutra used a threat of force and commands to restrain the victim by confining her behind the counter and then compelling her to move forward and open the cash drawer.  The court denied the motion, stating:

I do find that [the victim] was – that she in this particular situation that she was interfered with substantially. Her person – her personal liberty. She wasn't free to move.

¶5 The jury convicted Dutra of each of the charged offenses. Because armed robbery, kidnapping and aggravated assault involving the threatening exhibition of a dangerous instrument are violent or aggravated felonies within the meaning of Arizona Revised Statutes ("A.R.S.") section 13-706(F) (2018), and because Dutra had two prior convictions for felonies within the same category and committed on different occasions within the prior 15 years, the court imposed three concurrent mandatory sentences of life in prison with no possibility of release for 35 years. *See* A.R.S. § 13-706(B), (F)(2) (enumerating aggravated offenses).[1]

¶6 Dutra timely appealed, and his counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), after searching the record on appeal and finding no arguable, non-frivolous question of law. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Dutra was given the opportunity to file a supplemental brief but did not do so. Counsel then asked this court to search the record for fundamental error.

¶7 After reviewing the entire record, we requested supplemental briefing under *Penson v. Ohio*, 488 U.S. 75 (1988), about whether the evidence supported Dutra's kidnapping conviction. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).

## DISCUSSION

### A. Sufficiency of the Evidence Supporting the Kidnapping Conviction.

¶8 Under Arizona Rule of Criminal Procedure 20(a)(1), the superior court must enter judgment for the defense "if there is no substantial evidence" to support conviction. We review a superior court's denial of a Rule 20 motion *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011) (quoting *State v. Bible*, 175 Ariz. 549, 595 (1993)). The question is whether, "viewing the evidence in the light most favorable to the

---

[1] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990)). We review the court's interpretation of statutes *de novo*. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014).

**¶9** Arizona's kidnapping statute took its current form in 1978 when the legislature overhauled the state's criminal code. *See* A.R.S. § 13-1304 (2018); H.B. 2054, 33d Leg., 1st Reg. Sess., Ariz. Laws 1977, Ch. 142, § 62 (eff. Oct. 1, 1978). The statute defines kidnapping as, *inter alia*, "knowingly restraining another person with the intent to . . . aid in the commission of a felony." A.R.S. § 13-1304(A)(3). Further, "'[r]estrain' means to restrict a person's movements without consent, without legal authority, and in a manner which interferes substantially with such person's liberty, by either moving such person from one place to another or by confining such person." A.R.S. § 13-1301(2) (2018).

**¶10** Read together, the current statutes require proof that a defendant *substantially* interfered with the victim's liberty. That word distinguishes the current version of the statute from the pre-1978 version, which as relevant here, applied to one "who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain."[2]

**¶11** Arizona's criminal code does not define "substantially," but our supreme court has interpreted "substantial" in another criminal statute to mean "considerable." *Pena*, 235 Ariz. at 279, ¶ 6 (citing American Heritage Dictionary 817 (5th ed. 2012)). At issue in that case was a statute defining aggravated assault as, *inter alia*, an assault causing a victim "temporary but substantial disfigurement." *Id.* at ¶ 4 (quoting A.R.S. § 13-1204(A)(3) (2018)). The court concluded that to determine whether an injury was substantially disfiguring, a jury would need to "tak[e] into

---

[2] The prior statute stated, "A person, except in the case of a minor by the parent, who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains any individual for ransom, reward, pecuniary benefit . . . or to commit extortion or robbery, or to exact from relatives of such person or from any other person any money or valuable thing . . . or a person who aids or abets any such conduct, is guilty of a felony." A.R.S. § 13-492(A) (1974); *see also* S.B. 1127, 31st Leg., 2d Reg. Sess., Ariz. Laws 1974, Ch. 110, § 1. Although the post-1978 kidnapping statute has been amended on several occasions, the provisions relevant to the issues here have remained substantially unchanged.

account multiple factors – such as the injury's seriousness, location, duration, and visibility to others." *Pena*, 235 Ariz. at 280, ¶ 11. Applying the same reasoning here, whether a defendant's restraint of a victim "substantially" or "considerably" interferes with the victim's liberty turns on the facts, including the distance the defendant moved the victim and the length of time the victim was confined.

**¶12** The statutory definition of restraint, however, does not require a defendant to have moved the victim any minimum distance or confined the victim for any minimum period of time, as long as the restraint substantially interfered with the victim's liberty. In this respect, our legislature departed from the Model Penal Code § 212.1, under which a person is guilty of kidnapping if, with requisite intent, "he unlawfully removes another . . . a *substantial distance* from the vicinity where he is found, or if unlawfully confines another *for a substantial* period in a place of isolation." (Emphasis added.)

**¶13** Under the text of the statute, the manner of the restraint also may be relevant, including the means by which the defendant moved or confined the victim (i.e., by words, threatening act or actual physical restraint). *See, e.g.*, *State v. Ring*, 131 Ariz. 374, 375-76 (1982) (victims bound with chains and dog leashes); *State v. Latham*, 223 Ariz. 70, 72, ¶ 5 (App. 2009) (defendant compelled victim to drive to bank and return with cash by threatening harm to victim's spouse); *State v. Lewis*, 169 Ariz. 4, 5 (App. 1991) (victims bound with ropes); *State v. Linden*, 136 Ariz. 129, 132 (App. 1983) (victims' arms bound behind their backs). When the defendant restrained the victim by "moving such person from one place to another," *see* § 13-1301(2), the nature of the place to which the defendant moved the victim – e.g., whether the victim was moved to an insecure or remote or secluded place, rendering speedy rescue less likely – also may be relevant. *See, e.g.*, *State v. Noble*, 152 Ariz. 284, 284-85 (1987) (victim dragged into bushes); *Lewis*, 169 Ariz. at 5 (victims driven to secluded, isolated area).

**¶14** It is clear also that kidnapping in Arizona does not require restraint beyond that necessary to accomplish the associated crime. *See State v. Viramontes*, 163 Ariz. 334, 339 (1990) ("Kidnapping is often incidental to the commission of a more serious crime."); *State v. Gordon*, 161 Ariz. 308, 314-15 (1989) (noting Arizona rejects rule imposed by other states that one who moves a victim in the course of committing a robbery does not commit kidnapping if the movement did not substantially increase victim's risk of harm). Indeed, former Judge Gerber, a member of the commission that drafted the 1978 criminal code and who had criticized the prior kidnapping statute as being "so loosely defined as to include even momentary

detentions in the course of committing other crimes," acknowledged that the post-1978 kidnapping statute still "embraces almost every armed robbery offense." *See* Rudy J. Gerber & John F. Foreman, *Arizona's Criminal Law: The Critical Need for Comprehensive Revision*, 18 Ariz. L. Rev. 63, 80 (1976) (first quote); Rudolph J. Gerber, *Arizona's New Criminal Code: An Overview and a Critique*, 1977 Ariz. St. L.J. 483, 512 (second).[3]

¶15      Nonetheless, the statute requires something substantial about the nature of the interference with the victim's liberty to support a kidnapping conviction. The State does not cite, and we have not found, any Arizona case affirming a kidnapping conviction based on facts like those here. Dutra did not order the employee to do anything that required her to take more than a couple of steps. He did not tie her up or use physical force to restrain her. There is no evidence he even made physical contact with her, although their hands might have touched briefly when she handed him the money from the cash register. And, to the extent Dutra's threatening use of the stun gun effectively restrained the employee from running out the back door, she was "confined" in the small area behind the counter for less than 30 seconds.

¶16      States with kidnapping statutes similar to ours have reached different conclusions about the magnitude of restraint necessary to support a kidnapping conviction. Some states requiring "substantial" interference with the victim's liberty have held or implied that a temporary restraint involving very little movement may satisfy the requirement. *See State v. Salamon*, 949 A.2d 1092, 1120 (Conn. 2007) ("state is not required to establish any minimum period of confinement or degree of movement"); *Hines v.*

---

[3]     Some older Arizona authorities suggest that, to the contrary, only "acts superfluous to the robbery may be separately charged" as a kidnapping. *See*, *e.g.*, *State v. Williams*, 111 Ariz. 222, 225 (1974); *State v. Soders*, 106 Ariz. 79, 80-81 (1970). But these cases applied a statute that no longer exists. Before the 1978 overhaul of the criminal code, A.R.S. § 13-1641 (1956) provided that "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under *either, but in no event under more than one*." (Emphasis added.) Under that statute, if acts that would support a kidnapping conviction also would support a robbery conviction, the defendant could not be convicted of both offenses. But § 13-1641 was replaced in 1978 by A.R.S. § 13-116 (2018), which allows a defendant to be convicted of both offenses as long as consecutive sentences are not imposed. *See* H.B. 2054, 33d Leg., 1st Reg. Sess., Ariz. Laws 1977, Ch. 142, § 41 (eff. Oct. 1, 1978); *Gordon*, 161 Ariz. at 315.

*State*, 75 S.W.3d 444, 447 (Tex. Crim. App. 2002) (rejecting contention that "to 'interfere substantially' requires more than temporary confinement or slight movement"). The facts here might support a kidnapping conviction under these authorities.

¶17        Other states have interpreted similar statutory language to impose requirements that might render the facts here insufficient to support a conviction. The defendant in *State v. Wolleat*, 111 P.3d 1131, 1132 (Or. 2005), for example, grabbed the victim by her hair, pulled her out of bed and dragged her 15 to 20 feet to the next room, where he struck her. In an appeal from his convictions for assault and kidnapping, the Oregon Supreme Court reversed the latter conviction, holding that "in order for the interference to be substantial, a defendant must intend either to move the victim a 'substantial distance' or to confine the victim for a 'substantial period of time.'" *Id.* at 1134. *But see State v. Douglas*, 125 P.3d 751, 752-54 (Or. App. 2005) (affirming conviction after defendant forced victims to walk at gunpoint from the curb to inside a bar). And in *State v. White*, 362 S.W.3d 559, 562-63, 581 (Tenn. 2012), the court stated that Tennessee's kidnapping statute "would seem to necessarily include a time or distance component" and was "not intended to criminalize trivial restraints." *Id.* at 576. But Oregon, Tennessee and most other states do not allow a kidnapping conviction based on a restraint that is merely incidental to another offense. Because Arizona cases have rejected that limiting principle, other states' decisions are not particularly helpful in construing the Arizona statute.

¶18        As for the Arizona caselaw, we must acknowledge *dictum* by our supreme court that "because the kidnapping statutes require only confinement without consent or legal authority, a defendant cannot commit child molestation, sexual assault, or robbery without also committing a kidnapping." *Noble*, 152 Ariz. at 287 n.2. Neither the facts of *Noble* nor the court's remark have much application here. As noted above, the defendant in *Noble* dragged the victim from the street "into nearby bushes," assaulted her, then, after completing the assault, walked with her for a few blocks before releasing her. *Id.* at 284-85. The supreme court concluded the superior court did not err by imposing consecutive sentences because the defendant restrained the victim both before and after completing the assault. *Id.* at 287. In the quoted footnote, the court did not analyze the language in § 13-1301(2), nor did it acknowledge that the restraint required for a kidnapping must "interfere[] substantially with [the victim's] liberty." *See* A.R.S. § 13-1301(2).

¶19        Guided by the text of the kidnaping statute and the relevant Arizona authorities, the issue is whether the evidence was sufficient to

show that Dutra substantially interfered with the employee's liberty. Based on the record presented here, the jury – which was properly instructed on the definitions of kidnapping and restraint – reasonably could have convicted Dutra if it concluded that his demand that the employee give him the money in the cash register, along with his activation of the stun gun, compelled her to forgo the chance to flee out the back of the restaurant and instead remain in his presence at the counter. The period of confinement, though brief, was effectively absolute because it was mandated by Dutra's threatening act and verbal command. When restraint is accomplished by word or deed that threatens serious injury or death, even if the compelled movement is not far or the compelled confinement is not lengthy, the restraint may be substantial. On these facts, we cannot say that as a matter of law, Dutra did not "interfere substantially" with the teenage employee's liberty.

## B.     Other Matters.

**¶20**          In all other respects, the record reflects Dutra received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present or waived his presence at all critical stages. The court held appropriate pretrial hearings.

**¶21**          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict Dutra of all the charged offenses. The jury was properly comprised of 12 members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Dutra was convicted.

**CONCLUSION**

¶22 We have reviewed the entire record for reversible error. We hold the evidence supported Dutra's kidnapping conviction and, finding no other arguable issues, we affirm his other convictions and all the sentences imposed. *See Leon*, 104 Ariz. at 300.



AMY M. WOOD • Clerk of the Court
FILED: AA