NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHNNY G. VALENZUELA, *Appellant*.

No. 1 CA-CR 18-0390
FILED 5-16-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-030728-001
The Honorable Ronda R. Fisk, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Kenton D. Jones joined.

**B R O W N**, Judge:

**¶1**        Johnny G. Valenzuela appeals from his conviction and sentence for possession of a narcotic drug.  He challenges only the sentence imposed, asserting (1) the superior court improperly found he had three historical prior felony convictions, and (2) the court should have awarded additional presentence incarceration credit.

**¶2**        At Valenzuela's sentencing hearing, the superior court admitted into evidence certified copies of minute entries showing three prior convictions.  Valenzuela then admitted to the following felony convictions: possession or use of dangerous drugs, committed on March 19, 2010; possession or use of dangerous drugs, committed on January 2, 2011; and aggravated assault, also committed on January 2, 2011.  He was convicted of each of those felonies on June 9, 2011.  The court sentenced Valenzuela as a category three repetitive offender to a less-than-minimum term of seven years' imprisonment.  The court awarded Valenzuela 199 days of presentence incarceration credit.  This timely appeal followed.

**¶3**        We generally view sentencing decisions for an abuse of discretion. *See State v. Cazares*, 205 Ariz. 425, 427, ¶ 6 (App. 2003).  However, because Valenzuela did not object at sentencing to either issue he raises on appeal, we review his claims for fundamental error only. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).  In fundamental error review, we first determine whether trial error exists. *Id.* at 568, ¶ 23.  If so, we must decide whether the error is fundamental, looking at the totality of the circumstances. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).  "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id.*  If fundamental error is established under the first or second prong, a separate showing of prejudice must be made. *Id.*  A separate showing of prejudice is not required when fundamental error is established under the third prong. *Id.*

¶4            Valenzuela argues the superior court committed fundamental error when it found he had three historical prior felony convictions for sentence enhancement purposes.    He contends that one of those convictions, possession of a narcotic drug, could not be used as a separate prior historical conviction because it occurred on the "same occasion" as the aggravated assault conviction.

¶5            A defendant with two or more historical prior felony convictions is a category three repetitive offender.    Ariz. Rev. Stat. ("A.R.S.") § 13-703(C).    Section 13-703(L), however, provides that "two or more offenses committed on the same occasion" must be "counted as only one conviction" for sentence enhancement purposes.    At sentencing, the superior court found that Valenzuela had the three prior felony convictions to which he admitted, but the court did not specify which of those three convictions were *prior historical* felonies.    To properly sentence Valenzuela as a category three repetitive offender, however, we presume the court found at least two of Valenzuela's prior convictions qualified as historical under § 13-703(C).    *See State v. Trostle*, 191 Ariz. 4, 22 (1997) ("Trial judges are presumed to know the law and to apply it in making their decisions." (quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990))).

¶6            To the extent the superior court may have classified all three prior convictions as historical prior felony convictions, Valenzuela has not established the court erred.    To determine if two offenses were committed "on the same occasion," courts consider whether (1) a defendant's "criminal conduct was continuous and uninterrupted;" (2) the criminal "conduct was directed to the accomplishment of a single criminal objective rather than multiple criminal objectives;" (3) "only one person was victimized;" and (4) "the time period involved was very brief."    *State v. Noble*, 152 Ariz. 284, 286 (1987).

¶7            Valenzuela has not identified anything in this record showing the two felonies committed on January 2, 2011 were committed on the same occasion under § 13-703(L).    To further his argument, Valenzuela relies on his admission that he committed those felonies and the sentencing minute entries, but that information does not allow us to determine whether those felonies were committed "on the same occasion;" it simply shows the felonies were committed on the same date, which is insufficient under *Noble*.    *See id*.; *see also State v. Kelly*, 190 Ariz. 532, 535, ¶ 12 (1997) (explaining that if the defendant "sold marijuana *and* methamphetamine to a single officer in a single transaction" and "the offenses were uninterrupted and committed at the same time and place with a single

criminal objective," then the two offenses would be committed on the "same occasion"). Thus, we find no error, much less fundamental error.

¶8 Even assuming the two felonies Valenzuela committed on January 2, 2011 occurred "on the same occasion," he admits that "reducing the number of prior convictions from three to two will have no effect on the sentencing range into which [he] falls." He argues instead there is a possibility "one or more of [the] historical prior convictions may be set aside on collateral attack, in which case he would have to be treated as an offender with only one prior or perhaps none at all." He also asserts that the number of prior convictions may affect his housing assignment and eligibility for education and rehabilitative programs in prison. But Valenzuela does not cite any authority for those broad assertions nor does he explain why he would be treated any differently if his convictions are historical priors instead of non-historical priors. Valenzuela's assertions are therefore based on mere speculation, and speculative prejudice is insufficient under a fundamental error review. *See Escalante*, 245 Ariz. at 142, ¶ 21 (explaining that a defendant must make a fact-intensive showing of prejudice). Because Valenzuela concedes he was correctly sentenced as a category three repetitive offender even if he has only two historical prior felony convictions, he has failed to establish prejudice.

¶9 Valenzuela next argues he is entitled to more presentence incarceration credit than the 199 days awarded by the superior court. A defendant is entitled to presentence incarceration credit for all time spent in custody for an offense. A.R.S. § 13-712(B). The failure to award the correct amount of presentence incarceration credit toward a defendant's sentence constitutes fundamental error. *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989). The State acknowledges Valenzuela is entitled to an additional 51 days' presentence incarceration credit because the court's award of 199 days, pursuant to the presentence report, did not account for the time he spent in custody after the original sentencing date was continued. Valenzuela spent 89 days in custody after conviction and prior to sentencing—the presentence report correctly listed 38 days based on the original sentencing date but omitted 51 days. The State therefore concedes, and Valenzuela agrees, that the sentencing order should be amended to reflect presentence incarceration credit of 250 days—the undisputed 161 days of pre-conviction incarceration plus 89 days of post-conviction presentence incarceration. We therefore modify his sentence to reflect 250 days' presentence incarceration credit. *See* A.R.S. § 13-4037(A).

**¶10**     For the foregoing reasons, we affirm Valenzuela's sentence as modified.



AMY M. WOOD • Clerk of the Court
FILED:  AA