IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

MANUEL A. LOPEZ, *Appellant*.

Nos. 1 CA-CR 24-0339
1 CA-CR 25-0042
1 CA-CR 25-0043
(Consolidated)

FILED 01-16-2026

---

Appeal from the Superior Court in Maricopa County
Nos.  CR2022-147085-001
CR2022-109080-001
CR2022-102158-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

---

**OPINION**

Judge Andrew J. Becke delivered the opinion of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**B E C K E**, Judge:

¶1        Defendant Manuel A. Lopez appeals his convictions and sentences for two counts of aggravated domestic violence and the revocation of his probation in two other aggravated domestic violence cases. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In August 2021, Lopez pled guilty to two domestic violence offenses committed against his wife, Bethany (a pseudonym), in May 2021 ("Case 1") and June 2021 ("Case 2"). Four months later, Lopez and Bethany separated so he could "get some help and stop doing drugs." Within 4 months of them separating, Lopez committed—and ultimately pled guilty to—two more domestic violence offenses against Bethany in January 2022 (CR2022-102158-001 ("Case 3")) and March 2022 (CR2022-109080-001 ("Case 4")). As a consequence of these convictions, the superior court placed Lopez on supervised probation for a period of three years, which included a prohibition on any contact with Bethany.

¶3        Despite that, on the morning of December 15, 2022, Lopez contacted Bethany and argued with her about moving back into the family home with their two daughters. That afternoon, Bethany drove with their youngest daughter to pick up their oldest daughter from school. When Bethany arrived, Lopez "was already waiting there." Bethany picked up their daughter and their daughter's friend and drove to the friend's house. Lopez followed.

¶4        While Bethany and their daughters walked the friend into the house, Lopez parked his car behind her car. After Bethany and their daughters returned to her car, Bethany took a fifteen-minute phone call in the parked car. During the call, Lopez pulled up next to Bethany's car and began to yell at her, demanding she hang up the phone and take their daughters home.

¶5          By the time Bethany ended her call, Lopez had pulled up in front of her car, making Bethany feel like she could not leave. When Lopez refused to move his car, Bethany backed up to try and drive around him, but Lopez again pulled in front of her car and stopped her from leaving. Lopez spent the next five to ten minutes yelling at Bethany and refusing to let her leave, prompting Bethany to call the police. A neighbor also called the police after witnessing Lopez "going crazy," "trying to open [Bethany's car] door," "calling her curse words," and "banging on the [car] windows."

¶6          By the time police officers arrived on the scene, Lopez had reentered his car. One of the officers ordered Lopez to get out of his vehicle, and when he failed to comply, the officer pulled him out. After a brief struggle, the officer detained him. At the precinct, the officers searched Lopez and found methamphetamine in his right pocket and sock.

¶7          A grand jury charged Lopez with four offenses. Count 1 alleged possession or use of dangerous drugs, a Class 4 felony, and Count 4 alleged resisting arrest, a Class 1 misdemeanor. As relevant here, Counts 2 and 3 alleged "Aggravated Domestic Violence," each Class 5 felonies. Count 2 alleged unlawful imprisonment, a domestic violence offense, having been committed within 84 months of having been convicted of at least two other domestic violence offenses. *See* A.R.S. § 13-3601.02(A). Count 3 alleged disorderly conduct, a domestic violence offense, again having been committed within 84 months of having been convicted of at least two other domestic violence offenses. *See id.*

¶8          At trial and relevant to this appeal, the State presented evidence that Counts 2 and 3 were committed within eighty-four months of Lopez's two prior domestic violence convictions—Case 1 and Case 2, committed in May 2021 and June 2021. The jury found Lopez guilty as charged. Lopez was sentenced to varying terms of imprisonment on Counts 1–4, the longest of which was 10 years. For violating his probation in Cases 3 and 4, the court revoked his probation grants and sentenced him to 1.5 years in prison on each case.

¶9          Lopez timely appealed all three cases. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶10          Lopez makes two arguments on appeal. Because he failed to object to either issue at trial, we review both for fundamental prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).

## I. The State Presented Sufficient Evidence to Convict Lopez of Two Counts of Aggravated Domestic Violence.

¶11        Lopez first argues the State did not present sufficient evidence to prove beyond a reasonable doubt that Counts 2 and 3 were aggravated domestic violence offenses. Lopez does not contest the sufficiency of evidence of the underlying offenses for Counts 2 (unlawful imprisonment) and 3 (disorderly conduct). Rather, Lopez takes issue with the allegation that he committed those offenses within 84 months of having been convicted of at least two other domestic violence offenses, which was required to convict on Counts 2 and 3. He argues the State was required to show Counts 2 and 3 did *not* arise from the "same series of acts" based on the language of A.R.S. § 13-3601.02(D). And because Counts 2 and 3 arise from the "same series of acts," Lopez argues only one count could be an aggravated domestic violence offense. He therefore asks us to vacate one of his two convictions for aggravated domestic violence and to remand to the superior court for entry of a judgment of acquittal because of insufficient evidence.

¶12        We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to sustaining the verdicts. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We also review questions of statutory interpretation *de novo. State v. Holle,* 240 Ariz. 300, 302, ¶ 8 (2016). The plain language of a statute guides our interpretation. *Welch v. Cochise Cnty. Bd. of Supervisors*, 251 Ariz. 519, 523, ¶ 11 (2021). "We interpret statutes 'in view of the entire text, considering the context and related statutes on the same subject.'" *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 137, 142, ¶ 15 (2024) (quoting *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019)). If the language is unambiguous, we "give effect to that language without employing other rules of statutory construction," *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323, ¶ 11 (App. 2017), and construe it "sensibly to avoid reaching an absurd conclusion." *State ex rel. Montgomery v. Harris*, 237 Ariz. 98, 101, ¶ 13 (2014).

¶13        "A person is guilty of aggravated domestic violence if the person within a period of eighty-four months commits a third or subsequent violation of a domestic violence offense." A.R.S. § 13-3601.02(A).

> The dates of the commission of the offenses are the determining factor in applying the eighty-four month provision in [A.R.S. § 13-3601.02(A)] regardless of the sequence in which the offenses were committed. For purposes

4

of this section, a third or subsequent violation for which a conviction occurs does not include a conviction for an offense arising out of the same series of acts.

A.R.S. § 13-3601.02(D).

¶14        Lopez argues this language prohibits convicting him for two counts of aggravated domestic violence in this case because, in his view, they are "offenses that arose from the 'same series of acts.'" We disagree.

¶15        Subsection D begins by discussing the timing of the *prior convictions*. Notably, the "same series of acts" limitation immediately follows this discussion about prior convictions. Though subsection D does not explicitly state "the same series of acts *as the prior two convictions*," given the statute's context and the language used in the rest of the subsection, the legislature limited the aggravation of domestic violence offenses to those that occur after and separately from the first two convictions.

¶16        The Arizona Supreme Court addressed a similar argument in *State v. Noble*, 152 Ariz. 284, 285–86 (1987). In that case, Noble committed four offenses on the same day, and sentences for all four offenses were enhanced based on prior convictions. *Id.* at 285. Noble appealed the enhancements based on the following language in A.R.S. § 13-604(H) (1984), the "repetitive offenders" statute: "Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."[1] *Id.*

¶17        Noble argued his convictions were committed on the same occasion and thus an enhanced sentence could be imposed only once. *Id.* The Supreme Court disagreed, explaining that the whole statute was a "repetitive offenders" statute and the enhancement came from prior convictions committed on multiple occasions. *Id.* "Thus, the focus is on the defendant's prior, rather than present, convictions" and the "limits articulated . . . are applicable only in determining the number of prior convictions." *Id.* at 285–86. Therefore, Noble's four sentences, though imposed for crimes committed on the same day, were all properly enhanced

---

[1] Although A.R.S. § 13-604 (1984) was repealed in 2008, *see* 2008 Ariz. Sess. Laws, ch. 301, § 15 (2nd Reg. Sess.) (H.B. 2207), the relevant language of A.R.S. § 13-604(H) (1984) analyzed in *Noble* was moved to A.R.S. § 13-703(L)—the current "repetitive offenders" statute. *See* 2008 Ariz. Sess. Laws, ch. 301, § 28.

because his two prior convictions were committed on two separate occasions. *Id.* at 286.

¶18        *Noble* is instructive because A.R.S. § 13-3601.02 is a repetitive offender enhancement statute like A.R.S. § 13-703. Our legislature has determined that "repeat offenders should suffer harsher penalties than first-time offenders." *State v. Diaz*, 224 Ariz. 322, 325, ¶ 17 (2010). Each subsequent domestic violence offense may properly be charged and punished as an aggravated domestic violence offense under A.R.S. § 13-3601.02(A), just as each subsequent sentence in *Noble* could be enhanced. *Noble,* 152 Ariz. at 286. And the limitations here, like in *Noble*, apply to the prior convictions, specifically that a third or subsequent offense may not arise out of the same series of acts as the prior two convictions. *Id.* at 285.

¶19        Furthermore, Lopez's proposed interpretation of A.R.S. § 13-3601.02 would lead to an absurd result. Lopez only challenges one of his two aggravated domestic violence convictions. But if Lopez's argument is correct that a "third or subsequent violation" cannot arise from the "same series of acts," neither Count 2 *nor* Count 3 could be aggravated. Under Lopez's interpretation, neither would qualify as a "third or subsequent violation," as they each arise from the "same series of acts." For example,  if a defendant had two prior domestic violence convictions and committed a third against a spouse and then a fourth against a child in the "same series of acts," neither could be aggravated. That result would defeat the purpose of the statute: to punish a defendant more harshly for committing more than two domestic violence violations within eighty-four months. *See* A.R.S. § 13-3601.02. To conclude a defendant could avoid aggravation by simply committing at least two violations in the "same series of acts" is nothing if not absurd.

¶20        Rather, the statute prevents the following scenario: When a defendant does not have any prior domestic violence convictions and commits three domestic violence offenses on the same day in the "same series of acts," the third offense cannot be aggravated under A.R.S. § 13-3601.02(D). The "same series of acts" language prevents the State from relying on multiple offenses committed together to artificially "aggravate" one of the counts.

¶21        The State provided sufficient evidence to show Counts 2 and 3 were committed within eighty-four months of Cases 1 and 2. Therefore, Lopez fails to show error.

## II. The Jury Instructions for Aggravated Domestic Violence Were Proper.

**¶22**      Lopez next argues his right to a jury trial was violated because the jury instructions for Counts 2 and 3 "omitted the element that the third or subsequent violations resulting in convictions cannot arise from the same series of acts." We review *de novo* "whether jury instructions properly state the law." *State v. Payne*, 233 Ariz. 484, 505, ¶ 68 (2013).

**¶23**      As discussed *supra* ¶¶13–21, the omitted information is not an element of aggravated domestic violence. The State did not need to prove Count 2 and Count 3 arise from a different series of acts from each other. Rather, the State needed to show the two prior domestic violence convictions, Case 1 and Case 2, arise from a series of acts different from those in Count 2 and Count 3. A.R.S. § 13-3601.02(D). Lopez fails to show error.

### CONCLUSION

**¶24**      For the foregoing reasons, we affirm.

